Angela KLUND, Plaintiff,

v.

HIGH TECHNOLOGY SOLUTIONS, INC. Long Term Disability Plan; High Technology Solutions, Inc. Life Insurance Plan, Defendants.

No. 05CV0565–JAH (BLM).

United States District Court, S.D. California.

Oct. 17, 2005.

Glenn Kantor, Kantor and Kantor, Northridge, CA, for Plaintiff.

Robert Morrison Young, Jr., Wilson Elser Moskowitz Edelman and Dicker, Los Angeles, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER [Doc. No. 14]

MAJOR, United States Magistrate Judge.

On March 21, 2005, Plaintiff instituted this action to contest Defendants' denial of

her claim for long-term disability benefits under plans regulated by the Employee Retirement Income Security Act of 1974 (ERISA). On August 12, 2005, Plaintiff served discovery requests on Defendants. Dorny Decl. at Exs. A and B. Defendants refused to respond to the discovery requests, insisting that such discovery is inappropriate in an ERISA case. *Id.* at Ex. D. In summary, Defendants argue that the correct standard of review of the denial of benefits is abuse of discretion and the review is limited to the administrative record so no discovery is permitted, whereas Plaintiff argues that she is entitled to discovery to determine whether there was a conflict of interest such that the standard of review should be heightened to a de novo review.

Accordingly, on September 6, 2005, Defendants filed a Motion for Protective Order. Pursuant to the briefing schedule issued by the Court [Doc. No. 16], Plaintiff timely opposed the motion on September 16, 2005. On September 23, 2005, Defendants filed a reply and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1).

Having reviewed the briefing submitted, and for the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Protective Order. Doc. No. 14.

### LEGAL STANDARD

■ As a general rule, discovery in civil cases is liberally allowed. Rule 26 of the Federal Rules of Civil Procedure permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). As long as the relevant information is "reasonably calculated to lead to the discovery of admissible evidence," the information sought to be discovered need not be admissible at trial. *Id.*

■ Upon a showing of good cause, however, the court

> may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed.R.Civ.P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210–12 (9th Cir.2002), *citing Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

### ANALYSIS

Defendants argue that discovery is inappropriate in this case, and that the Court's review of the denial of benefits is limited to the administrative record. Defs.' Mem. at 15. According to Defendants, where an ERISA plan confers discretionary authority upon its claims review fiduciary (as Defendants insist the plan at issue does), that fiduciary's decision must be upheld unless it either constitutes an abuse of discretion, or lacks a reasonable basis. *Id.* (*citing Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). Defendants assert that a reviewing court's scrutiny is heightened only where material, probative evi-

dence indicates the claims fiduciary breached its duty by allowing a conflict of interest to affect its determination. *Id.* at 16 (*citing Snow v. Standard Ins. Co.,* 87 F.3d 327, 331 (9th Cir.1996)). Defendants continue that such evidence, if it exists, is virtually always found in the administrative record. *Id.* at 16, 20–21 (*citing Lang v. Long–Term Disability Plan,* 125 F.3d 794, 799 (9th Cir.1997)). While acknowledging that the Ninth Circuit has held that evidence outside the administrative record *may* be considered to determine the existence of a conflict, Defendants claim that that court has not held that *every* ERISA plaintiff is entitled to wide-ranging discovery. *Id.* at 16–17. In conclusion, Defendants contend that because the plan confers discretionary authority on the plan administrator, and because Plaintiff has failed to present any evidence of conflict of interest, Plaintiff's discovery should not be allowed. *Id.* at 16–17, 22; Defs.' Reply at 9. As a remedy, Defendants request that the Court enter a protective order instructing that Defendants need not respond to the discovery propounded by Plaintiff, and precluding Plaintiff from propounding any further discovery absent leave of Court. *Id.* at 22.

Plaintiff argues that discovery is both permissible and warranted in this case. Pl.'s Opp'n. at 5. Plaintiff emphasizes that the discovery propounded is critical to establish the applicable standard of review, which Plaintiff contends is de novo. *Id.* at 7, 17. In support, Plaintiff references the Ninth Circuit's ruling that when determining the appropriate standard of review, courts can consider evidence outside the administrative record. *Id.* at 9 (*citing Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 973 (9th Cir.1999)). Plaintiff claims that by directing a district court to consider evidence found outside the administrative record before determining the applicable standard of review, the Ninth Circuit implicitly approved the method of obtaining

such evidence: discovery. *Id.* at 10. Specifically, Plaintiff insists that *Tremain* would be nonsensical if interpreted to stand for the proposition that conflict of interest evidence should be considered, but the claimant is not allowed any mechanism by which to gather such evidence. *Id.* In conclusion, Plaintiff maintains that her discovery requests will not only serve to uncover evidence of conflict of interest, but also illuminate the appropriate standard of review to be applied. *Id.* at 17.

## A. The Scope Of Discovery In ERISA Cases

Although Defendants request that the Court issue a protective order against the discovery propounded, both Defendants' and Plaintiff's briefing focus primarily on the standard of review. The issue presently before the Court, however, is the scope of discovery, in particular, to what discovery, if any, Plaintiff is entitled. Because the scope of discovery in a denial of ERISA benefits case is linked to the standard of review, *see Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130, 1145 (9th Cir.2001), *abrogated on other grounds by Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003), the Court must consider Defendants' motion for protective order in light of the probable standards of review to be applied.

### 1. Applicable Standards Of Review And Evidence Considered Thereunder

In a denial of ERISA benefits case, de novo is the default standard of review. *See Firestone Tire,* 489 U.S. at 115, 109 S.Ct. 948. In contrast, an abuse of discretion standard is applied to a benefits denial where the "plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits

or to construe the terms of the plan." *Id.* If, however, the plan administrator is also the insurer, that conflict of interest "must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Id.; see also Lang v. Long–Term Disability Plan,* 125 F.3d 794, 798 (9th Cir.1997) (explaining that an "apparent" conflict of interest is present whenever a plan administrator is responsible for both funding and paying claims). In such a circumstance, the Ninth Circuit's review, although still for abuse of discretion, is "less deferential." *See Lang,* 125 F.3d at 798.

■ To determine whether a conflict of interest affected the administrator's decision-making, courts apply a burden-shifting scheme. First, the plan beneficiary must present "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Id.* (*quoting Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1323 (9th Cir.1995)). After having presented such evidence, a rebuttable presumption arises in favor of the plan beneficiary. The burden then shifts to the plan administrator to produce evidence that the conflict of interest did not affect the decision to deny benefits. *Id.* If the plan administrator fails to meet this burden, the court reviews de novo, rather than for abuse of discretion, its decision to deny benefits. *Id.*

■ When a district court reviews a plan administrator's decision for abuse of discretion, the review is strictly limited to the evidence in the administrative record. *See Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1472 (9th Cir.1993). When conducting a de novo review, however, the district court has discretion to consider evidence outside that record. *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan,* 46 F.3d 938, 943–44 (9th Cir.1995). When evaluating evidence of conflict of interest to determine the correct standard of review to be applied, the district court is not constrained to the administrative record. *See Tremain,* 196 F.3d at 977 (9th Cir.1999) (characterizing whether the plan administrator's conflict of interest affected its decision to deny benefits as a "threshold issue" that must be decided before a court can determine the applicable standard of review, and explaining that evidence of conflict of interest found outside the administrative record may be considered to determine if the plan administrator's decision was affected by such conflict). In short, the district court must exercise its discretion to determine what evidence, if any, outside the record will be considered not only in determining and applying the proper standard of review, but also in reviewing the decision to terminate benefits. *See Mongeluzo,* 46 F.3d at 943.

### 2. *The Scope Of Discovery Must Serve The Goals Of ERISA*

■ In addition, the scope of discovery in a denial of benefits case should serve both the goals of ERISA and the goals of the parties involved in the litigation. ERISA's two primary goals are "to increase the likelihood" that beneficiaries will receive full benefits, and "to maintain the premium costs of such [a] system at a reasonable level." *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094 (9th Cir.1999) (*quoting* 29 U.S.C. § 1001b(c)(3), (5)). In order to balance appropriately these competing goals, discovery cannot be as broad and overreaching in ERISA cases as in other types of litigation. *See Waggener v. UNUM Life Ins. Co. of Am.,* 238 F.Supp.2d 1179, 1185 (S.D.Cal.2002). Instead, discovery must be more carefully tailored to the issues raised in the particular case, specifically, "the need to demonstrate conflict of interest," as well as the

proper standard of review to be applied. *Id.*

### 3. *Plaintiff Is Entitled To Limited Discovery*

 Notwithstanding Defendants' contention that the plan confers discretionary authority on the plan administrator, and despite Plaintiff's insistence that the benefits denial must be reviewed de novo, the parties do not dispute that Defendants acted as both the administrator and the funding source of Plaintiff's long-term disability benefits. As such, in the very least, there exists an apparent conflict of interest between Defendants' roles as fiduciary and funding source of the plan. In this situation, the relevant authorities afford Plaintiff the opportunity to present material, probative evidence that this conflict affected the Defendants' decision to deny benefits. *See Lang,* 125 F.3d at 798. Having granted Plaintiff this right, it follows that she equally has the right to conduct discovery to determine whether such evidence exists. Indeed, as Plaintiff argues, the consequence of interpreting *Tremain* to endow a beneficiary with the ability to present evidence of conflict of interest, without allowing that beneficiary to conduct discovery on those issues would amount to granting the beneficiary a right without an effective remedy.[1]

Based upon the foregoing explanation of the relevance of conflict of interest evidence and the applicable standards of review, this Court concludes that Plaintiff's discovery in this case is properly limited to the following: (1) information necessary to demonstrate whether a conflict of interest existed between the administrators of the plan or plan fiduciaries and the plan beneficiaries, (2) if there existed such a conflict, information regarding the manner or extent to which the conflict affected Defendants in making the benefits decision, and (3) information related to the applicable standard of review. These categories of information appear reasonably related to the claims and defenses in this case, and may lead to evidence that the District Judge may admit or consider at the time of summary judgment or trial.[2] Limiting discovery to these categories of information will allow Plaintiff to obtain the information she needs, but protect Defendants from the more extensive discovery Plaintiff had proposed.

To this end, the Court will order Defendants to provide responses to Interrogatories 1 through 11, 17, 18, and 20 through 24, and to Document Requests 2 through 9, 13, 14, 16, 19 through 24, and 26. The Court concludes that Plaintiff's remaining discovery requests are overbroad and not relevant to whether Defendants' decision-making process was affected by its dual role as insurer and administrator. As a result, Defendants' motion for protective order will be granted with regard to these remaining discovery requests.

---

**1.** Defendants correctly cite *Newman v. Standard Insurance Co.,* 997 F.Supp. 1276, 1280–81 (C.D.Cal.1998) in support of their position with regard to discovery. *Id.* (holding that there is no entitlement to discovery on the apparent conflict between an insurance company's role as administrator and funding source of a benefits plan because such discovery might be so extensive that it would undermine one of the primary goals of ERISA-to resolve disputes over benefits inexpensively and expeditiously). Nevertheless, the only effective way for an ERISA plaintiff to enforce the right to present evidence of conflict of interest is to preserve his or her ability to discover such evidence. Accordingly, the *Newman* rule, as explained above, results in granting such a plaintiff a right without a true remedy.

**2.** The Court does not make any finding or determination as to the admissibility or relevance of any potential evidence or the correct standard of review. The Court merely finds that, in this case, Plaintiff is entitled to conduct limited discovery.

## CONCLUSION

Based on the Court's review of the briefing submitted, and for the reasons set forth herein, Defendants' motion for protective order [Doc. No. 14] is **GRANTED IN PART** and **DENIED IN PART**. Within thirty (30) days of service of this Order, and subject to the limitations imposed herein with regard to particular discovery requests, Defendants shall provide responses to Interrogatories 1 through 11, 17, 18, and 20 through 24, and shall produce documents responsive to Document Request Nos. 2 through 9, 13, 14, 16, 19 through 24, and 26.

**IT IS SO ORDERED.**