**Barbara GROOM, Plaintiff,**

v.

**The STANDARD INSURANCE CO. 21st Century Insurance Co. Long Term Disability Plan, Defendants.**

**No. CV 06–6130SVWEX.**

United States District Court, C.D. California.

June 25, 2007.

Glenn R. Kantor, Kantor and Kantor, Northridge, CA, Russell G. Petti, Russell G. Petti Law Offices, Russell G. Gomm, Meserve Mumper and Hughes, Los Angeles, CA, for Plaintiff.

## ORDER RE PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY IN AN ERISA CASE [17]

WILSON, District Judge.

### I. INTRODUCTION

On March 5, 2007, the Court held new case status conferences in *Sigalas–Hojda*

vs. *Hartford Life and Accident Ins. Co. et al.*, CV 06–7491–SVW (SSx)[1] and *Groom v. The Standard Ins. Co. et al.*, CV 06–6130–SVW (Ex). The Court instructed counsel in both cases to address the issue of whether an ERISA plaintiff was entitled to conduct limited discovery subsequent to the Ninth Circuit's decision in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006).

The Court held a hearing on April 9, 2007. At the hearing the Court indicated that it was inclined to decide that an ERISA plaintiff is entitled to limited discovery concerning the question of a conflict of interest pursuant to the Ninth Circuit's recent decision in *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir.2007). The Court permitted the parties to file supplemental briefs concerning the holding in *Welch*. For the reasons discussed below, the Court concludes that an ERISA plaintiff is entitled to limited discovery concerning the question of a conflict of interest subsequent to the Ninth Circuit's decision in *Abatie*.

### II. ANALYSIS

██ In *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006), the Ninth Circuit held that an abuse of discretion review applies when an ERISA plan grants administrator discretion.[2] However, the review must be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Id.* at

1. On April 23, 2007, *Sigalas–Hojda* was reassigned to Judge Wright. *See* (Order of the Chief Judge, April 16, 2007.) On May 4, 2007, Chief District Judge Stotler vacated the Order transferring the case to Judge Wright due to an Order of Self–Recusal by Judge Wright. *See* (Order to Reassign Case, May 4, 2007; Order of the Chief Judge, May 4, 2007.)

2. This holding overruled *Atwood v. Newmont Gold Co.*, 45 F.3d 1317 and *Hensley v. Nw. Permanente P.C. Ret. Plan & Trust*, 258 F.3d 986 (9th Cir.2001) (applying *Atwood*). "In *Atwood*, [the Ninth Circuit] held that the existence of a structural conflict of interest did not necessarily alter the standard of review. [The Ninth Circuit] required a plan partici-

967. "This standard applies to the kind of inherent conflict that exists when a plan administrator both administers the plan and funds it, as well as to other forms of conflict." *Id.*

The Ninth Circuit also stated the extrinsic evidence may be considered in evaluating the alleged conflict of interest:

> Today, we continue to recognize that, in general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on de novo review. That principle is consistent with *Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976–79 (9th Cir.1999), which permits extrinsic evidence on the question of a conflict of interest. The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise.

*Id.* at 970.

Even though the external evidence at issue in *Tremain* was not the product of discovery, some courts have interpreted *Tremain* to permit limited discovery. *See, e.g., Klund v. High Technology Solutions, Inc.*, 417 F.Supp.2d 1155, 1160 (S.D.Cal. 2005) ("Having granted Plaintiff this right [to use extrinsic evidence], it follows that she equally has the right to conduct discovery to determine whether such evidence exists."). Defendants argue that even if *Tremain* established a right to limited discovery,[3] no discovery is permissible post-*Abatie*. Specifically, prior to *Abatie*, ERISA plaintiffs had to prove that an actual conflict of interest had caused a breach of the administrator's fiduciary duty before the court were permitted to apply a more lenient standard of review than abuse of discretion. *Atwood*, 45 F.3d at 1322–23. However, under *Abatie*, a court's abuse of discretion review must be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." 458 F.3d at 967. Thus, an ERISA plaintiff no longer needs to prove an actual conflict of interest before a court may take into account any potential conflict of interest in reviewing the administrator's decision.

Regardless of whether *Abatie* lessened the need for conflict discovery, the Court would not read *Abatie* as granting ERISA plaintiffs discovery. First, the Ninth Circuit did not address the issue of discovery in *Abatie*. Second, the ability to consider extrinsic evidence does not, ipso facto, grant the court power to permit limited discovery. Finally, permitting discovery would undermine the legislative goals behind ERISA in making disputes over benefits more expensive and time consuming.

---

pant to present material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary. If the participant did so, the burden then shifted to the administrator to prove that the conflict of interest did not affect its decision to deny benefits. If the plan could not carry that burden, we held that the court would give no deference to the administrator's decision to deny benefits, but would instead review the decision de novo." *Abatie*, 458 F.3d at 966 (internal citations and quotations omitted).

**3.** The Court would not read *Tremain* to establish limited discovery because the extrinsic evidence at issue in *Tremain* was not the product of discovery. Instead, the Court would read *Tremain* to stand for the limited proposition that extrinsic evidence can be used to establish a conflict of interest.

The Court recognizes that several district courts have reached the contrary conclusion subsequent to *Abatie*. *See Baldoni v. Unumprovident*, 2007 WL 649295, at *7 (D.Or. Feb. 26, 2007) (holding that "*Abatie* does not disturb this district's practice to limit conflict of interest discovery and determine whether to allow it on a case-by-case basis."); *Linich v. Broadspire Servs. Inc.*, 2007 WL 841509 at *6 (D.Ariz. Mar. 16, 2007) (holding that "in light of *Abatie*, the Court finds that Plaintiff has a valid claim for discovery outside the administrative record regarding the conflict of interest involved in this case."); *McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177, at *2 (E.D.Cal. Mar. 23, 2007) ("Given the appropriateness of considering such extrinsic evidence on the conflict questions, it logically follows that a party should is entitled to conduct discovery beyond the scope of the administrative record-even if only for the limited purpose set forth in *Abatie*"); *Shemano–Krupp v. Mutual of Omaha Ins. Co.*, 2006 WL 3365595, at *9 (N.D.Cal. Nov. 20, 2006) (refusing discovery on the grounds that the requested discovery would not demonstrate the existence of a conflict of interest). However, based on this Court's reading of *Tremain* and *Abatie*, the Court does not find the reasoning in these decisions persuasive.

However, on March 6, 2007, the Ninth Circuit issued a ruling which implicitly endorses limited discovery. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir.2007). *Welch* involved review of a district court's award of attorney fees. Plaintiff Welch had requested 8.75 hours for time spent conducting discovery related activities. *Id.* at 948. The district court reduced the request by four hours because "'it was not at all clear ... that any discovery was appropriate.'" *Id.* The Ninth Circuit disagreed, and held that "Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, *see Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976–77 (9th Cir.1999), we agree with Welch that some discovery aimed at demonstrating a conflict of interest may have been appropriate." *Id.* By holding that an ERISA plaintiff was entitled to attorneys fees for discovery, the Ninth Circuit implicitly held that an ERISA plaintiff was entitled to discovery.[4] Therefore, the Court is compelled to find that limited discovery is permitted in an ERISA case post-*Abatie*.[5]

■ However, such discovery must be narrowly tailored and cannot be a fishing expedition. Discovery must be limited to requests that are relevant to "the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie*, 458 F.3d at 967; *see also Baldoni*, 2007 WL 649295 at *7 ("[D]iscovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific

---

4. The Ninth Circuit's statement is not dicta because if it had determined that no discovery were permitted post-*Abatie*, the hours requested would have been reduced to zero.

5. The Court agrees with Defendant's argument that *Welch* should not be interpreted to hold that discovery is permitted in *all* cases. However, the Court does not reach Defendant's argument that discovery is inappropriate in *this* case because Plaintiff has made no

showing that discovery would lead to evidence of more than a structural conflict of interest. The issue that the Court asked the parties to brief was whether an ERISA plaintiff was entitled to conduct limited discovery subsequent to the Ninth Circuit's decision in *Abatie*. Whether plaintiff's specific discovery requests should be permitted under the circumstances of this case should be decided by Magistrate Judge Eick pursuant to this order.

benefit decision under review.") For example, relevant inquiries might include inquiries designed to obtain "evidence of malice, of self-dealing, or of a parsimonious claims-granting history." *Abatie*, 458 at 968.

Plaintiff's specific discovery requests should be refiled as motions to compel with Magistrate Judge Eick. In determining whether the motions to compel should be granted, Magistrate Judge Eick shall evaluate whether the specific discovery requests fall within the limited scope of conflict of interest discovery permitted by the Ninth Circuit based on the specific circumstances of this case.

## III. CONCLUSION

For the foregoing reasons, the Court finds that an ERISA plaintiff is entitled to limited discovery concerning the question of a conflict of interest subsequent to the Ninth Circuit's decision in *Abatie*. The case will be held in abeyance until any discovery disputes are resolved by the magistrate judge. Within ten (10) days after the magistrate judge issues a ruling, the parties are ORDERED to submit a joint request for a trial setting conference with this Court.

IT IS SO ORDERED.