Samuel TOVEN

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al.**

No. CV 06–07260 ABC (RZx).

United States District Court,
C.D. California.

Oct. 17, 2007.

Glenn R. Kantor, Kantor and Kantor, Northridge, CA, for Samuel Toven.

Robert K. Renner, Sara A. Maunder Barger and Wolen, Irvine, CA, for Metropolitan Life Insurance Company.

AUDREY B. COLLINS, District Judge.

Proceedings: Defendants' Motion for Review of Magistrate Judge's Order and Objections to Same; Request for Stay (In Chambers)

Pending before this Court is Defendants Metropolitan Life Insurance Company ("MetLife") and Consolidated Graphics, Inc. Welfare Benefit Plan's (collectively "Defendants") Motion for Review of Magistrate Judge's Discovery Order. On September 12, 2007, the Magistrate Judge issued an Order Denying Defendant's Motion for a Protective Order. Defendants filed their Motion for Review of the Magistrate Judge's Discovery Order on September 26, 2007 Plaintiff Samuel Toven ("Plaintiff") opposed on October 5, 2007 Defendant filed a reply on October 15, 2007. The Court found the motion appropriate for determination without oral argument and took it under submission. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Upon consideration of the parties' submissions and the case file, this Court hereby AFFIRMS the Magistrate Judge's Order Denying Defendant's Motion for a Protective Order.

## I. Factual and Procedural Background

On September 12, 2007, Magistrate Judge Ralph Zarefsky issued an Order Denying Defendant's Motion for Protective Order. (Maunder Decl. Ex. A at 3.) In moving for a protective order, Defendants sought to prevent the depositions of two MetLife claim representatives and an independent physician. (*Id.* at 1) This case is governed by ERISA, and the depositions, if conducted, will be outside of the administrative record. (*Id.* at 1–2) Plaintiff claims that the depositions are necessary in order to determine whether MetLife had a conflict of interest and the extent of such a conflict. (Opp'n at 2.) In ruling for Plaintiff, the Magistrate Judge agreed. (Maunder Decl. Ex. A at 2–3.)

## II. Legal Standard

■ A party "from whom discovery is sought" may move for "the court in the district where [a] deposition is to be taken [to] … make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and request that the "discovery not be had" Fed. R. Civ. Pro. 26(c). "Where a magistrate is designated to hear a discovery motion, '[a] judge of the court may reconsider any pretrial matter, where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Rockwell Int'l, Inc. v. Pos–a Traction, Inc.,* 712 F.2d 1324, 1325 (9th Cir.1983) (quoting 28 U.S C. § 636(b)(1)(a)). However, "the magistrate judges's decision … is entitled to great deference by the district court." *U.S. v. Abonce–Barrera,* 257 F.3d 959, 969 (9th Cir.2001).

## III. Discussion

■ Within the context of an ERISA case, "in general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion" *Abatie v. Alta Health and Life Ins. Co.,* 458 F.3d 955, 970

(9th Cir.2006). However, evidence outside the administrative record "may be considered to determine if a plan administrator's decision was affected by [a] conflict of interest" *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 977 (9th Cir.1999). The court "may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Abatie*, 458 F.3d at 970.

 As the Magistrate Judge correctly asserts, MetLife does, in fact, have a conflict of interest since it "both administers the plan and pays the benefits." (Maunder Decl. Ex. A at 2) *See Tremain*, 196 F.3d at 976 ("In this case, [the plan administrator] both funds the [plan] and acts as the plan's administrator. There is, therefore, a conflict of interest"). Moreover, the Magistrate Judge's discretion is not limited to the making of a determination as to the existence of a conflict of interest using extrinsic evidence; the Magistrate Judge is acting within his mandate in allowing evidence outside the administrative record to be considered in determining the extent of the potential conflict of interest. See *Shorter v. Metro. Life Ins. Co.*, 216 Fed.Appx. 689, 691 n. 1 (9th Cir.2007) ("The district court may consider evidence outside the record, but that evidence must be related to the existence and extent of a conflict of interest").

 The Magistrate Judge properly notes that the core determination from the extrinsic evidence that Plaintiff seeks is not whether or not a conflict of interest exists, but rather, "whether that conflict of interest affected Defendant's decision-making." (Maunder Decl. Ex. A at 2.) Allowing the three depositions at issue to be taken in order to make a proper conflict of interest determination is sufficiently "narrowly tailored" and is not "a fishing expedition" as Defendants claim. *See Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202, 1205 (C.D.Cal.2007) (quoting *Abatie* in noting that "such discovery must be narrowly tailored and cannot be a fishing expedition. Discovery must be limited to requests that are relevant to 'the nature, extent, and effect on the decision-making process of any conflict of interest that may appear on the record.' ").

The Ninth Circuit has articulated its approval of allowing the use of evidence outside the administrative record when engaging in conflict of interest inquiries in ERISA cases. See *Abatie*, 458 F.3d at 970, *Tremain*, 196 F.3d at 976–77, *Shorter*, 216 Fed.Appx. at 691 n. 1 The Magistrate Judge's order allowing the three depositions to go forward is not inconsistent with *Abatie* and its progeny Consequently, the Magistrate Judge's order was not clearly erroneous or contrary to law Therefore, the Magistrate Judges' Order Denying Defendant's Motion for a Protective Order is AFFIRMED Having upheld Magistrate Judge's denial of the protective order and allowing the discovery to go forward, however, the court expresses no opinion as to whether-or to what extent-the court will consider the evidence obtained thereby in deciding the merits of Plaintiffs case. That is a question for the court's discretion when it "review[s] ... all the circumstances before it." *Abatie*, 458 F.3d at 968.

**IV. Conclusion**

The Magistrate's Judge's Order Denying Defendant's Motion for a Protective Order, filed on September 12, 2007 is AFFIRMED.