307 F.3d 1206
 Alvin K. PHILLIPS, as Personal Representative of the ESTATES OF Timothy BYRD, Darrell L. Byrd, and Angela Byrd, deceased, and as Guardian of Samuel Byrd, minor child, Plaintiffs-Appellees,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellant, with
Los Angeles Times, Intervenor-Appellee.
 No. 01-35126.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 2002.
 Filed October 15, 2002.
 
 COPYRIGHT MATERIAL OMITTED William E. Jones & Lucy T. France, Garlington Lohn & Robinson, PLLP, Missoula, MO; Richard A. Cordray, Andrew B. Clubok & Eric R. Claeys, Kirkland & Ellis, Washington, DC, for the defendant-appellant.
 James H. Goetz, Goetz, Gallik, Baldwin & Dolan, P.C., Bozeman, MO; James E. Butler, Jr. & Peter J. Daughtery, Butler, Wooten, Overby, Pearson, Fryhofer & Daughtery, Columbus, GA, for the plaintiffs-appellees.
 Kelli L. Sager & Rochelle L. Wilcox, Davis Wright Tremaine LLP, Los Angeles, CA; Peter M. Meloy & Jennifer S. Hendricks, Meloy Law Firm, Helena, MO, for the intervenor-appellee.
 Lee Levine & Seth D. Berlin, Levine Sullivan & Koch, L.L.P., Washington, DC; David A. Schulz, Clifford Chance Rogers & Wells LLP, New York, NY; Thomas W. Newton & James W. Ewert, California Newspaper Publishers Assoc., Sacramento, CA; Harold W. Fuson, Jr., Judith L. Fanshaw & Scott A. Wahrenbrock, The Copley Press, Inc., La Jolla, CA; Nancy Gillespie, Dow Jones & Co., Inc., New York, NY; Karole Morgan-Prager & Stephen J. Burns, McClatchy Newspapers, Inc., Sacramento, CA; George Freeman, The New York Times, New York, NY; Guy Kerr, Belo Corp., Dallas, TX; Alan Lewis, The Herst Corp., New York, NY; Edward P. Davis, Jr., Guylyn R. Cummins, James M. Chadwick, Gray Cary Ware & Freidenrich LLP, Palo Alto, CA; Mary Ann Werner, Eric Lieberman, The Washington Post, Washington, DC, for the Amici Curiae.
 Appeal from the United States District Court for the District of Montana; Donald W. Molloy, District Judge, Presiding. D.C. Nos. CV-98-168-M-DWM to CV-98-171-M-DWM.
 Before ALARCÓN and SILVERMAN, Circuit Judges, and BREWSTER,* Senior District Judge.
 OPINION
 BREWSTER, Senior District Judge.
 General Motors Corporation ("GM") appeals an order of the district court granting the intervenor, the Los Angeles Times, access to confidential settlement information produced by GM under a protective order during discovery in the underlying action. In ordering the documents released to the public, the district court determined (1) the protective order to prevent disclosure of this information was not appropriate, and (2) the Los Angeles Times had a federal common law right of access to these materials. GM appeals, arguing the district court applied incorrect legal standards in deciding whether disclosure was appropriate. We have jurisdiction pursuant to 28 U.S.C. 1291. See Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.1992). We vacate and remand for further proceedings.
 I. Background
 On November 20, 1998, the underlying plaintiffs in this case, Darrell and Angela Byrd and their two minor sons, Timothy and Samuel, filed a complaint for damages against GM allegedly caused by a defect in the gas tank of a GM C/K pickup truck. Before discovery, both sides stipulated to a "share" protective order that allowed the parties to share all information covered under the order with other litigants in similar cases, but not the public. The order covered "Executive Committee Documents, production, sales and profit forecasts, procedures for evaluating defects or non-compliance with federal safety standards and meetings minutes of the truck and bus fuel system coordination groups."
 One of GM's experts testified by deposition that information about the amount GM paid in previous settlements involving C/K pickup post-collision fuel-fed fires could be important to his analysis of punitive damages. Accordingly, the plaintiffs filed a motion to compel GM to produce this settlement information either in the form of individual or aggregate settlement numbers. GM had previously settled cases involving C/K pickup trucks pursuant to agreements which provided that both parties would keep the terms confidential and, thus, vigorously contested the motion. On August 14, 2000, the magistrate judge partially granted the plaintiffs' motion and directed GM to produce the total number and aggregate dollar amount of all settlements involving C/K pickup truck fuel-fed fires. At GM's request, the magistrate judge ordered this discovery pursuant to the share "Protective order in place subject to further review and determination by Judge Molloy as to whether the information produced should be subject to his Order." Prior to this appeal, GM did not file any objection to this ruling.
 Pursuant to the magistrate court's order, on or about August 24, 2000, GM produced under seal the total number and aggregate dollar amount of its previous settlements for C/K pickups fuel tank claims. In addition, GM included a computed arithmetic average settlement award. On August 30, 2000, plaintiffs filed a discovery-sanctions motion against GM and attached to their motion as Exhibit 8 under seal a copy of the settlement information produced by GM pursuant to the August 14, 2000 order. The plaintiffs contended that GM had violated the magistrate judge's order by additionally including the calculation of the "average" settlement award, which had not been requested. The case settled in October 2000 before the court had an opportunity to rule on the discovery-sanctions motion. The court dismissed the action on November 14, 2000.
 After the case had been dismissed, the Los Angeles Times moved to intervene, and requested the district court to unseal Exhibit 8. The Los Angeles Times provided three reasons why the lower court should release the confidential settlement information: (1) this information did not deserve a protective order; (2) the LA Times has a common law right of access to Exhibit 8; and (3) the newspaper had a First Amendment right to these materials. On January 5, 2001, the district court ordered the release of the settlement information on the grounds that (1) it was not covered under the share protective order stipulated by the parties and (2) it independently did not deserve a protective order. Furthermore, the court found the common law right of access permitted the Los Angeles Times to receive the information contained in Exhibit 8. The lower court did not address the First Amendment issue. The district court stayed this order pending the resolution of this appeal.
 II. Discussion
 General Motors raises three issues on appeal: (1) whether the magistrate judge committed legal error when it ordered GM to produce the settlement information even under a protective order; (2) whether the lower court erred by lifting the protective order; and (3) whether the lower court erred by deciding the Los Angeles Times had a common law right of access to Exhibit 8.
 A. August 14th Order of the Magistrate Judge
 GM argues the magistrate judge committed legal error by ordering GM to produce confidential settlement information during discovery. GM, however, has waived its right to appeal this ruling to this panel. FED. R. CIV. PROC. 72(a) requires an aggrieved party to object to any magistrate order within ten days. If the party does not file any objections within ten days, it cannot "[assign] as error a defect in the magistrate judge's order." Fed.R.Civ.P. 72(a); see also Simpson v. Lear, 77 F.3d 1170, 1174 (9th Cir.1995).
 B. Protective Order
 We review a lower court's decision to grant, lift, or modify a protective order for abuse of discretion. See Anderson v. Calderon, 232 F.3d 1053, 1099 (9th Cir.2000); Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc., 62 F.3d 1217, 1219 (9th Cir.1995). We review de novo, however, whether the lower court used the correct legal standard in determining whether it should have granted a protective order. See Kulas v. Flores, 255 F.3d 780, 783 (9th Cir.2001) (legal issues are reviewed de novo).
 Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. In San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999), the court said, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where `good cause' is shown." See also In re Agent Orange Product Liability Litig., 821 F.2d 139, 145 (2d Cir. 1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public."). Rule 26(c) states, in relevant part:
 Upon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
 
 
 1
 (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way....
 
 
 2
 FED. R. CIV. P. 26(c), 26(c)(7).
 
 
 3
 For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); see also San Jose Mercury News, Inc., 187 F.3d at 1102(holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (citing factors).
 
 
 4
 In this case, the magistrate judge never conducted a "good cause" analysis, but decided to put the settlement information into the existing share protective order, previously stipulated by the parties, on an interim basis subject to "further review and determination" by the district judge. Upon review, the district judge determined that a protective order was not appropriate.[1]
 
 
 5
 It appears, however, that the district court never engaged in a "good cause" analysis, but held that, based on Rule 26(c)(7), only trade secrets or other confidential research, development, or commercial information could be protected from disclosure under Rule 26(c). In a letter to the parties, the court below stated it had "reviewed the file for materials that might be trade secrets, proprietary matters, research, development or other commercial information that should be protected under Rule 26(c)." Appellant's Excerpts of Record, 90. The court reiterated this position in its January 5th order denying the protective order. The court noted that the "narrow issue" before the court was whether "information a party seeks to keep quiet does not fall within the four corners of Rule 26(c)." Phillips v. GMC, 126 F.Supp.2d 1328, 1329 (D.Mont. 2001) (emphasis added). Finally, the court implies only certain types of information can be subject to a protective order. The court, commenting upon the type of information covered under the share protective order stipulated to by the parties, claims "this is the kind of information Rule 26(c) recognizes as being legally protectable." Id. at 1330.
 
 
 6
 The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See FED. R. CIV. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The Court continued, by noting that the "trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." Id. (emphasis added); see also 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil § 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").
 
 
 7
 Although courts may be more likely to grant protective orders for the information listed in Rule 26(c)(7), courts have consistently granted protective orders that prevent disclosure of many types of information, such as letters protected under attorney-client privilege which revealed the weaknesses in a party's position and was inadvertently sent to the opposing side, see KL Group v. Case, Kay, and Lynch, 829 F.2d 909, 917-19 (9th Cir.1987); medical and psychiatric records confidential under state law, see Pearson v. Miller, 211 F.3d 57, 62-64 (3d Cir.2000); and federal and grand jury secrecy provisions, see Krause v. Rhodes, 671 F.2d 212, 216 (6th Cir.1982). Most significantly, courts have granted protective orders to protect confidential settlement agreements. See Hasbrouck v. BankAmerica Housing Serv., 187 F.R.D. 453, 455 (N.D.N.Y.1999); Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D.Nev.1993).
 
 
 8
 If the district court decision was based on a failure to recognize that lower courts have the authority to grant protective orders for confidential settlement agreements, it was erroneous, and the district court must determine whether good cause exists. If the lower court did not make this legal error, then it needs to identify and discuss the factors it considered in its "good cause" examination to allow appellate review of the exercise of its discretion. The decision to lift the protective order is remanded and the lower court is instructed to conduct a "good cause" analysis consistent with the principles laid out in this opinion. See Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.1992); Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995).
 
 C. Common Law Right of Access
 
 9
 After conducting a "good cause" analysis, if the district court were to find a protective order is not appropriate for the confidential settlement information produced to the underlying plaintiffs, then this information could be distributed to the Los Angeles Times. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999). Under this circumstance, the lower court would not need to analyze the common law right of access issue.
 
 
 10
 If, however, the court finds "good cause" exists to protect this information, then it must determine whether the Los Angeles Times has a right to Exhibit 8 under the common law right of access, a separate and independent basis for obtaining this information. Not only can the public generally gain access to unprotected information produced during discovery, but it also has a federal common law right of access to all information filed with the court. This common law right of access to inspect various judicial documents is well settled in the law of the Supreme Court and this circuit. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir.1999); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995). This common law right "creates a strong presumption in favor of access" to judicial documents which "can be overcome" only by showing "sufficiently important countervailing interests." San Jose Mercury News, Inc., 187 F.3d at 1102; see also Hagestad, 49 F.3d at 1434. In deciding whether sufficient countervailing interests exist, the courts will look to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Tragesser, 49 F.3d at 1434.
 
 
 11
 Relying on this body of law, the appellees argue that even if Exhibit 8 has been filed with the court pursuant to a protective order, GM must still show "sufficiently important countervailing interests" to overcome the strong presumption of access to this sealed information. We review de novo whether the presumption of access applies to Exhibit 8.
 
 
 12
 The issue thus presented is whether the strong presumption of access applies to materials filed with the court under seal pursuant to a valid protective order. Although the Ninth Circuit has never addressed this issue, other courts have determined that the federal common law right of access does not apply to documents filed under seal. See United States v. Corbitt, 879 F.2d 224, 228 (7th Cir.1989) ("While this Court has recognized that the common law right of access creates a strong presumption in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal."); see also Lawmaster v. United States, 993 F.2d 773, 775 (10th Cir.1993); United States v. Certain Real Property Located In Romulus, Wayne County, Michigan, 977 F.Supp. 833, 836 (E.D.Mich.1997); Grundberg v. Upjohn Co., 140 F.R.D. 459, 465 (D.Utah 1991). We agree with these courts. When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality. Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders. Although we understand the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.), it makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court. See, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1983) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."). Cf. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir.1988) ("Once the [sealed discovery] documents are made part of a dispositive motion [summary judgment motion ruled upon by the court]... they lose their status of being raw fruits of discovery." (emphasis added and quotation omitted)).
 
 
 13
 Therefore, when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.
 
 D. First Amendment
 
 14
 The appellees ask this panel to decide whether it has a First Amendment right to the information contained in Exhibit 8 if we were to reverse and/or remand to the lower court with respect to the protective order and the common law right of access.
 
 
 15
 The district court did not adjudicate this issue and the parties barely raised it in their briefs. We decline to address this issue under the state of the record below. See Barsten v. Department of Interior, 896 F.2d 422, 424 (9th Cir.1990) ("We decline to consider the issue here, believing that the wiser course is to allow the district court to rule on it in the first instance.").
 
 III. Conclusion
 
 16
 The district court failed to apply the correct legal standard when it determined a protective order was not appropriate for this discovery material. If the court, after conducting a good cause analysis, lifts the protective order on the confidential settlement information produced, then this information can be distributed to the public pursuant to its presumptive right of access. Case closed. If, however, the lower court on remand does not modify the protective order already in place, the presumption is rebutted, and the intervenor must then provide sufficiently compelling reasons why the sealed discovery information should be released. We vacate and remand to the district court for further proceedings not inconsistent with the legal standards set forth in this opinion.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 [1]
 Although not an issue on appeal, we note how the lower court properly put the burden of proof on GM to show why a protective order was necessary. InBeckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.1992), we rejected the argument that intervenors need to show "extraordinary circumstances" before modifying a protective order. We explained how the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party had made a "good cause" showing.