**John K. BALDWIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 09–0033.**

United States District Court, D.N. Mariana Islands.

April 22, 2010.

Deborah Deitsch–Perez, Lackey Hershman, Dallas, TX, Gregory G. Koebel, O'Connor Berman Dotts & Banes, Saipan, MP, for Plaintiff.

Jeremy N. Hendon, United States Department of Justice, Washington, DC, for Defendant.

## ORDER DENYING MOTION TO SEAL EXHIBIT AND ORDERING EXHIBIT UNSEALED

ALEX R. MUNSON, Senior District Judge.

Now before the court is Plaintiff Mr. John K. Baldwin's Motion to File Exhibits to Complaint Under Seal. Pursuant to the stipulation of the parties, the court finds this motion suitable for disposition without oral argument. LR 7.1a. Having carefully reviewed the parties' briefs and the legal authority, and good cause appearing, the motion to seal is hereby DENIED. The exhibits attached to the complaint shall be unsealed.

## BACKGROUND

This case arises out of a dispute over federal income taxes. Plaintiff Baldwin seeks a refund from the Internal Revenue Service ("IRS") of over five million dollars in allegedly overpaid federal income taxes for the year 2002. (Comp. ¶ 8.) Plaintiff filed for the refund on February 20, 2009. (*Id.* ¶ 23.) The IRS failed to respond to the request within six months. (*Id.* ¶ 25.) Plaintiff thereafter filed suit in this Court under 26 U.S.C. § 7422(a), seeking a refund of the overpaid taxes and a declaratory judgment that Plaintiff does not owe the IRS any additional taxes for the year 2002. Plaintiff attached the tax-related documents that he filed with the IRS to the complaint in this matter. (*Id.*, Ex. A ("Claim for Refund").) Plaintiff moved to seal the exhibit because it contained personal tax-related information. (Doc. # 2.) The request was granted. (*Id.* # 3.) The Court later granted Defendant the opportunity to file an opposition to the motion to seal. (*Id.* # 21.) Now before the Court is Defendant's opposition to the motion to seal. The Court will discuss additional specific facts as required in the analysis.

## ANALYSIS

### I. Motion to Seal Legal Standard.

Generally, a party seeking to seal judicial records bears the burden to demonstrate "compelling reasons" to deny the public access to public records. *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006). "This standard derives from the common law right 'to inspect and copy public records and docu-

ments, including judicial records and documents.'" *Pintos v. Pacific Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir.2009) ("compelling reasons" standard applies to seal a credit report attached to a summary judgment motion). The "compelling reasons" must be "supported by specific factual findings ... [that] outweigh the general history of access and the public policies favoring disclosure." *Id.*

▌ However, a party must only demonstrate "good cause" to seal documents where either: (1) the documents are "private materials unearthed during discovery;" or (2) the documents are previously sealed discovery documents that are attached to nondispositive motions. *Id.,* Private materials unearthed during discovery are not part of the judicial record and under Federal Rule of Civil Procedure 26(c), "a trial court may grant a protective order [sealing such documents] 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citation omitted). To demonstrate "good cause" to seal a document, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir.2002) ("good cause" standard applies to seal a confidential settlement agreement produced during discovery). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211 (trial court has broad discretion under Rule 26(c) "to issue '*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden.'"). The burden is lower for discovery-related documents because the "cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for docu-

ments produced between private litigants." *Pintos,* 565 F.3d at 1115.

Similarly, where previously sealed discovery documents are attached to nondispositive motions, the party seeking protection must only show "good cause" to seal the documents. *Phillips,* 307 F.3d at 1213 (when "a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted.") The court reasoned that the public right of access does not necessarily apply to information that surfaces during pretrial discovery because much of it is "often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (citations and quotations omitted).

## II. The Compelling Reasons Standard Applies to the Attachment.

▌ As an initial matter, the Court must determine which standard to apply to the exhibit attached to the complaint. The Court begins with the presumption that the "compelling reasons" standard applies because the exhibit is a part of the judicial record. In addition, "Rule 26(c) does not govern these documents because they are not 'private materials unearthed during discovery' but have become part of the judicial record.'" *Pintos,* 565 F.3d at 1116.

Next, Plaintiff argues that the *Phillips* exception to the presumption of access applies because the complaint is a nondispositive pleading. Defendant responds that the *Phillips* exception does not apply because the complaint is dispositive. A "dispositive" motion or pleading is one that adjudicates issues on the merits. *See Kamakana,* 447 F.3d at 1179 (dispositive motions resolve disputes on the merits); *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135–36 (9th Cir.2003) (summary judgment is dispositive because

it "adjudicates substantive rights and serves as a substitute for trial"); *see also* Black's Dictionary, *Dispositive* ("Being a deciding factor; (of a fact or factor) bringing about a final determination"). A complaint is not a dispositive pleading. A complaint is a short and plain statement of the claims and the relief sought by an aggrieved party. Fed.R.Civ.P. 8(a). A complaint does not resolve any issues on the merits. Thus, the complaint is a non-dispositive pleading.

However, the exception applied to non-dispositive motion attachments does not apply here. In *Phillips,* the Court applied the lower, "good cause" standard to "materials filed with the court under seal pursuant to a valid protective order" because the court had already engaged in a "good cause" analysis to seal the documents and "much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Phillips,* 307 F.3d at 1213. Here, the attachment is not information that surfaced during pretrial discovery, it is not information that was previously sealed based on a specific factual finding of good cause, and it is not even arguably "unrelated, or only tangentially related, to the underlying cause of action." Rather, the underlying cause of action for overpaid federal taxes arises directly out of the information in the exhibit (tax records relevant to the allegedly overpaid taxes). In sum, the rationale for reducing Plaintiff's burden does not apply and the presumption of public access remains because: (1) the document is part of the judicial record; and (2) the document is integral to the underlying cause of action. Accordingly, in order to grant Plaintiff's motion to seal the exhibit, the "court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for [sealing the document], without relying on hypothesis or conjecture." *Pintos,* 565 F.3d at 1116. "Rele-

vant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 1116 n. 6 (citations and quotations omitted).

### III. Plaintiff Has Not Demonstrated Compelling Reasons to Seal the Exhibit.

■ Here, Plaintiff asserts that the exhibit (tax records in support of his claim that he overpaid his taxes) should be sealed because Plaintiff is a public figure who is often in the media, that his apartment complex in Saipan and his apartment in Guam have been burglarized, and he fears that he will be the target of criminal activity if his financial information is revealed. The public has an interest here in understanding the judicial process especially with respect to an alleged public figure. Plaintiff's fear of being the target of criminal activity based on his tax records is not a sufficiently compelling reason to outweigh the public's interest in access to judicial records. The fear is generalized and not supported by specific facts. Although the court sympathizes with Plaintiff's desire to keep his finances private, he has failed to demonstrate "compelling reasons" to overcome the strong presumption of public access,

### IV. The Internal Revenue Code Does Not Require Sealing the Exhibit.

Plaintiff also argues that the Internal Revenue Code ("IRC") requires that this court seal his tax records. Generally, tax "returns and return information shall be confidential ... [and no officer or employee of the United States or any State] shall disclose any return or return information obtained by him in any manner in connec-

**1146**

tion with his service as such an officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. § 6103(a). However, § 6103 also provides for "[d]isclosure in judicial and administrative tax proceedings" in specific circumstances. *Id.* § 6103(h)(4). Section 6103(h)(4) provides that "[a] return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—(A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title; [or](B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding; . . . ."

■ Here, Plaintiff is the taxpayer and he is a party to the proceeding because he filed the instant action. The proceeding arose directly out of the determination of Plaintiff's civil liability in respect of a tax imposed under the tax code. In addition, the treatment of an item reflected in such return is the basis for the instant suit and necessary to the resolution of this matter. Specifically, the complaint seeks a refund of an allegedly overpaid tax liability. The present proceedings fall squarely within this exception to the general rule of confidentiality and does not require the court to seal Plaintiff's tax records that were voluntarily attached to the complaint.

Finally, Plaintiff cites to this court's opinion in *United States ex rel. Richards v. De Leon Guerrero*, 1992 WL 321010 *18 (D.N.Mar.I.1992) in support of his argument that the court must keep his tax records sealed. The case is not persuasive. In *De Leon Guerrero*, the United States sought confidential disclosure of Commonwealth of the Northern Mariana Islands ("CNMI") taxpayers' records in order to perform an audit of the CNMI's assessment and collection of income taxes. *Id.* *1, *5. The parties did not seek public disclosure of any records. The taxpayers were not parties to the action and the action did not arise out of the determination of taxpayer civil or criminal liabilities. As such, the exception found in § 6103(h)(4) was not applicable and not discussed. Here, § 6103(h)(4) applies and authorizes an exception to the general rule of confidentiality.

## CONCLUSION

In sum, Plaintiff fails to demonstrate compelling reasons to seal the exhibit attached to his complaint in this case and contained within the judicial record. In addition, the IRC authorizes the disclosure of Plaintiff's tax information attached to his complaint seeking reimbursement of allegedly overpaid taxes. Accordingly, the motion to seal is DENIED and the exhibit attached to the complaint shall be UNSEALED.

**IT IS SO ORDERED.**