EMESS CAPITAL, LLC, Plaintiff,

v.

Scott W. ROTHSTEIN and TD Bank, N.A., Defendants.

Case No. 10–60882–CIV.

United States District Court, S.D. Florida, Miami Division.

Jan. 11, 2012.

Jason Brent Savitz, Nina Stillman Mandel, David Scott Mandel, Mandel & Mandel, LLP, Miami, FL, for Plaintiff.

Glenn E. Goldstein, Greenberg Traurig, Fort Lauderdale, FL, Mark Paul Schnapp, D. Porpoise Evans, Holly Robin Skolnick, Greenberg Traurig, P.A., Miami, FL, Donna M. Evans, Greenberg Traurig LLP, Boston, MA, for Defendants.

## ORDER DENYING MOTIONS TO SEAL AND DIRECTING CLERK TO UNSEAL DOCUMENTS

JONATHAN GOODMAN, United States Magistrate Judge.

This matter is before the Court on an endorsed order of reference entered by U.S. District Judge Joan A. Lenard [DE 129] on December 27, 2011. The order instructs the undersigned to hold a hearing "to determine whether the information contained within the two Motions to Seal [DE 85, 87] and their related documents [DE 86, 88] fall[s] within the ambit of the Agreed Protective Order [DE 51]." The undersigned held a hearing on this issue on December 28, 2011. For the reasons set forth below, the undersigned determines that the motions to seal and their related documents do **not** fall within the ambit of the Agreed Protective Order,

thereby generating the conclusion that the motions to seal should be **denied.**

## BACKGROUND

### I. The Motions to Seal

Plaintiff Emess Capital, LCC filed two motions to seal on March 26, 2011. The first motion sought to seal Emess' response to Defendant TD Bank, N.A.'s motion to compel responsive answers to T.D. Bank's first set of interrogatories and the attachments to the response. The entire filing which Emess sought to seal consists of Emess' memorandum response and the following attachments: (1) an order by U.S. District Judge James Lawrence King in both CM/ECM and Lexis Nexis formats (Exhibit A),[1] (2) a correspondence with opposing counsel regarding duplicative discovery requests in this case and a companion case, *Coquina Investments v. TD Bank, N.A.*, 10–60786–CIV, that is being tried before United States District Judge Marcia Cooke (Exhibit B), (3) the transcript for a hearing before the undersigned on February 23, 2011 on various motions (Exhibit C), (4) additional correspondence between counsel in response to a discovery requests (Exhibits D & E), (5) and Emess' response to TD Bank's first set of interrogatories (Exhibit F).

The second motion sought to seal Emess' certificate of interested parties and corporate disclosure statement, which lists the three members of Emess Capital, LLC.

During the hearing, Emess clarified that the only information that it actually wants to withhold from public view are the *names* of the LLC's members and one former manager, which are found in the corporate disclosure statements and in

---

**1.** Both formats are publically available. *See In re: Checking Account Overdraft Litig.*, 09– MD–2036, 2010 WL 5136043, 2010 U.S. Dist. LEXIS 133687 (S.D.Fla. Dec. 16, 2010).

Emess' responses to interrogatories 2, 5, 7, 10, and 12.[2]

## II. The Agreed Protective Order

The Agreed Protective Order provides that information may be designated confidential if the party making the designation believes or asserts in good faith that the material:

(a) constitutes a trade secret, proprietary information or other sensitive or confidential business records, data, research, development or commercial information;

(b) [constitutes] private, financial or other sensitive information, including but not limited to private information protected by statute, rule, regulation or other rights of privacy; or

(c) is otherwise properly subject to a confidentiality order under Rule 26(c) of the Federal Rules of Civil Procedure. [DE 51, ¶ 2].

Notwithstanding this definition, the Agreed Protective Order also provides that confidential information does **not** include information

(i) that is or becomes generally available to the public other than as a result of a disclosure by a party, person, or entity in breach of this Order; or

(ii) that is or becomes available to the receiving party on a nonconfidential basis from a source other than the other parties or a producing nonparty in this Action, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other party or producing nonparty in this Action with respect to such information. [Id., ¶ 13].

## III. The Parties' Contentions

Emess seeks to seal the names of the four members/managers listed in its response to the interrogatories mentioned above, three of which are also listed in the corporate disclosure statement. Emess concedes that it had no cause to file the rest of the materials under seal, such as the Judge King order, the parties' correspondence, and the motions themselves. It explained at the hearing that it elected to file everything under seal, instead of redacting the "confidential" information, due to logistical problems. TD Bank, however, advised that it has not encountered any difficulty when it has opted to redact only portions of larger filings. Because of

---

**2.** These interrogatories called for Emess to provide information as follows:

*TD Bank Interrogatory No. 2*
Describe in detail the role of any officer, director, principal, owner, manager, employee, consultant, agent, attorney or representative of Emess in connection with the Investments and describe any actions taken by them regarding the Investments.
*TD Bank Interrogatory No. 5*
Set forth the name, occupation, address and phone number of each Emess director, officer, principal, manager, partner and owner.
*TD Bank Interrogatory No. 7*
Identify the sources of any funds you invested in the Structured Settlements including, but not limited to, identifying any person, entity, officer, director, principal, owner, manager, employee, consultant, agent, attorney or representative of Emess or other source of funds, the name and address of each source, amount and date of the provision of the funds.
*TD Bank Interrogatory No. 10*
For each alleged Investment, identify every person who participated in the decision to make the Investments, and how he or she participated.
*TD Bank Interrogatory No. 12*
State whether you have communicated at any time with any other investors in any of the structured settlements which formed Rothstein's Ponzi Scheme, who you communicated with, when, the manner of the communication (e-mail, letter, phone or other method), and the nature of the communication. [DE 136].

Emess' concession, the only matter for the Court to determine is whether the names of the individuals are encompassed by the protective order.

Emess' motions to seal stated that the information "may be considered confidential by either party." At the hearing, Emess took the position that the names should be sealed because they reveal the identity of crime victims. Emess relies on an order entered by United States District Judge James Conn in Scott Rothstein's criminal case which granted the government's motion to file a list of Rothstein's victim's names under seal. *See United States v. Rothstein,* 09–60331–CR–COHN (DE 494). Emess also argues that TD Bank will not be prejudiced by redacting the names of the members/managers.

Although the materials Emess filed for sealing include the names of *other* purported crime victims—the basis for its sealing request, as discussed above—Emess advised that it does not presently seek to seal those names because they were mentioned in the *Coquina Investments* case which is currently in trial before United States District Judge Marcia Cooke. Emess also explained that the four names it still seeks to seal would need to be disclosed, similar to the names mentioned in the *Coquina Investments* trial, if the instant case were to go to trial.[3]

TD Bank opposes the motions to seal. TD Bank argues that the materials fall outside the scope of the protective order because the four names in question have already been disclosed in the *Coquina* case. TD Bank also argues that Judge Cohn's order in the criminal prosecution is not applicable in this civil litigation situation and that, in any event, none of the documents in question identify the four

individuals as crime victims. Finally, TD Bank argues that redacting these names would cause inconvenience because that process would prevent the parties from making regular electronic filings and instead force them to consume time and energy redacting these names wherever and whenever they appear.

## DISCUSSION

### I. Protective Orders

 All court filings are presumptively a matter of public record and cannot be sealed absent specific legal authority or court order. *See* Local Rule S.D. Fla. 5.4(a); *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir.2006) ("What happens in the federal courts is presumptively open to public scrutiny."). Information exchanged during pretrial discovery is not generally considered to be public information and can be restricted upon a showing of good cause. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1119 (3d Cir. 1986). However, parties generally cannot keep from public view discovery materials filed with the court in connection with *dispositive* motions. *See Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 252 (4th Cir.1998); *see also Leucadia Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 165 (3d Cir.1993).

 A district court may in its discretion enter a protective order shielding discovery materials from public disclosure upon a showing a good cause and when the balance of interests favor entering the order. *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1313

---

**3.** *Coquina Investments* is a different plaintiff than the one here (i.e., Emess Capital, LLC). However, the defendants in both cases are identical: Scott Rothstein and TD Bank, N.A. In addition, counsel in the two cases are identical and the claims are also similar.

(11th Cir.2001); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985). Because trial courts are "in the best position to weigh fairly the competing needs and interests of parties affected by discovery" and because of "[t]he unique character of the discovery process," trial courts have "substantial latitude" to determine when a protective order is appropriate and what degree of protection is required. *Seattle Times Co.*, 467 U.S. at 36, 104 S.Ct. 2199. Once a protective order is entered and a party then moves to seal discovery materials attached to a nondispositive motion, the court need only determine whether the materials fall within the protective order because the "good cause" showing was already made when the protective order was entered. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002).

## II. Identification of Crime Victims

██ At the hearing, Emess conceded that there is no general rule that the identities of crime victims should not be identified in publically filed documents. Judge Conn granted the government's motion to seal the names of victims in Rothstein's criminal proceeding. Judge Cohn's order also sealed the amounts of the financial losses sustained by each crime victim. Thus, by its terms, the order did nothing more than seal the crime victims' names and the dollar amounts in one specific filing made by the government for a particular purpose. The order does not apply to other cases, such as this one, or to the names on the list in any other context.

Moreover, the list at issue in Judge Cohn's order specifically identified people as victims of Rothstein's fraud. None of the documents here identify the four individuals at issue as crime victims because none of the interrogatory questions sought or elicited that information. For example,

the names provided in response to interrogatory 2 do not specify whether the persons are officers, directors, principals, owners, managers, employees, consultants, agents, attorneys or representatives of Emess. The answers do not specify the role of any person listed, and, as noted, none of the categories requested by the interrogatory include "crime victim."

Under Emess' theory, Emess and TD Bank would be *required* to redact the four names at issue **whenever** they appear, for example, (1) in interrogatory answers filed with the court, (2) in a summary judgment motion which mentions, even in passing, the names of one of the four members, (3) in a hearing transcript attached as an exhibit to a motion, (4) in a deposition transcript attached to a motion if the deponent happened to mention one of the four names, (5) in an email attached as an exhibit to a substantive memorandum opposing a summary judgment motion because the email was copied to one of the four members. Because these four individuals are the members and managers of the plaintiff LLC, this process would quickly become extremely cumbersome as the names of these individuals recur again and again, as they already have in this comparatively minor discovery skirmish. It should also be noted that in none of these scenarios would the context necessarily identify the individuals as crime victims. Thus, the parties would ultimately expend significant effort redacting these names under circumstances that do not even further Emess' stated goal of keeping the names of crime victims confidential.

Likewise, the corporate disclosure statement simply lists the *members* of Emess Capital, LLC. It does not identify the members as crime victims. Therefore, even if the Court accepted Emess' argument that the names of crime victims should be sealed, that argument would not

apply here because the filings at issue do not identify the individuals in question as crime victims.

Judge Cohn's order does **not** require sealing whenever the name of a person who is a crime victim happens to be mentioned in some context connected to the criminal case. If it did, then Judge Cohn presumably would not have permitted the recent Rothstein deposition transcripts to be released (and would have required them to be filed, if at all, under seal) because names of persons who happen to be victims of Rothstein's fraud were mentioned in both the questions and the answers. The reason for the recent disclosures is apparent: the order is not a blanket, sweeping prohibition on the public disclosure of the names of persons who are alleged victims of Rothstein's fraudulent Ponzi scheme. Phrased differently, Judge Cohn's "Order Granting United States' Motion to File Victims' Names Under Seal" applies to the one *specific* filing at issue in the criminal case—a Government-filed list of victims and the amounts of their alleged losses, for restitution purposes. It is not an open-ended immunity-from-disclosure order which can be trotted out whenever a crime victim's name happens to be uttered.

### III. Publically Available Information

The names at issue are also publically available and therefore are explicitly beyond the scope of the protective order (which expressly classifies as not confidential information that has been publicly disclosed).

At the hearing, Emess acknowledged that the corporate records of an LLC, which list its members, are publically available through the Delaware Secretary of State. Emess speculated that the corpo-

rate records may not list *past* members, but since public records are generally available going back several years, this argument is not persuasive. It should also be noted that Emess has pled diversity jurisdiction and that in order to properly plead diversity jurisdiction the plaintiff must allege diversity based on the citizenship of the LLC's members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir.2004).

Additionally, the names of all four individuals are already in the public record in the context of Rothstein's fraud because Rothstein was asked about them during his recent deposition. Rothstein identified one of the individuals in question but testified that he did not recall the other three. (See DE 138). Consequently, the *names* of all four individuals are now generally available to the public and therefore beyond the ambit of the Agreed Protective Order.[4]

Finally, whether TD Bank will be prejudiced by sealing these four names is not a relevant consideration here. The Agreed Protective Order does not include prejudice as a factor in determining whether a document is confidential. Moreover, because all documents filed with the court are presumed to be public, the lack of prejudice alone is not sufficient to justify sealing a court document. It is also likely that requiring these four names to be redacted going forward would inconvenience TD Bank by preventing it from making regular electronic filings and requiring it to consume time and energy redacting these names wherever they appear.

### CONCLUSION

In accordance with the foregoing, the undersigned determines that no portion of

---

4. The transcripts from Rothstein's multi-day deposition have already been released to the press, and the media has extensively reported on the deposition testimony.

any document filed under seal in connection with the two motions to seal at issue here fall within the ambit of the Agreed Protective Order. As such, the motions to seal are **DENIED.** The Clerk of the Court is instructed to **UNSEAL** Documents 85, 86, 87, and 88 on the electronic docket.