SALVADOR MENDOZA, JR., United States District Judge
Before the Court, without oral argument, is Plaintiff Ricardo Olivera Silva's Motion to Expedite and for Protective Order, ECF No. 34. Plaintiff requests that the Court enter a protective order to prevent discovery related to his immigration status.
BACKGROUND
Plaintiff filed his complaint of December 20, 2017, alleging that Yakima County's policy and practice of placing immigration holds on persons detained in Yakima County Jail on the basis of Form I-200s resulted in his being detained without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizures. ECF No. 1 at 9-10.
The parties have exchanged written discovery, and Defendants have noted Plaintiff's deposition for June 19, 2018. ECF No. 35 at 2. Through their written discovery, Defendants requested Mr. Olivera's addresses for the past ten years and the names and addresses of all employers for the past ten years. Id. Mr. Olivera did not provide any information related to employers, but provided the names of the towns where he has lived in the United States from 2014 to present. Id. Counsel for Plaintiff and Defendants conferred on May 24, 2018. Plaintiff's counsel advised Defendants *930 that Plaintiff would seek a protective order related to the specific address and employment information requested in the written discovery. She also advised that Plaintiff would seek to protect against questions related to Mr. Olivera's immigration status during the deposition.
DISCUSSION
A. Meet and Confer Requirement
Federal Rule of Civil Procedure 26 permits a party from whom discovery is sought to seek a protective order. As a prerequisite to judicial intervention, the movant must certify that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's counsel, Lori Jordan Isley, certified that she conferred with Defendants' attorney, Quinn Plant, on May 24, 2018, but was unable to resolve the dispute. ECF No. 35 at 3. The Court therefore finds that the parties have satisfied the meet and confer requirement.
B. Motion for Protective Order
Plaintiff seeks a protective order prohibiting Defendants from inquiring into (1) Plaintiff's past employment history and addresses for the past ten years, and (2) any matters related to Plaintiff's immigration status. Defendants have not responded to the motion.
Rule 26(c) permits the Court to enter a protective order when the party seeking the order establishes good cause for protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense ...." The burden of persuasion is on the party seeking the protective order to show good cause by "demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc. , 364 F.3d 1057, 1064 (9th Cir. 2004). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. , 307 F.3d 1206, 1210-11 (9th Cir. 2002).
The harm in disclosing Plaintiff's immigration status is significant. Regardless of Plaintiff's own immigration status, requiring a plaintiff to disclose his immigration status will likely deter individuals from coming forward regarding immigration-related due process issues such as this. This chilling effect is a real and substantial harm. See Rivera , 364 F.3d at 1065.
Moreover, Defendants have not established how this information is relevant to the substance of Plaintiff's claims. Whether Plaintiff was legally present in the United States when he was detained by the Yakima Police Department does not affect whether the Form I-200 provided a legitimate basis to prolong his detention. The issue is not whether the facts alleged in the Form I-200 were true, but whether the form provided probable cause to detain Plaintiff after he posted bail.
The written discovery Defendants seek regarding Plaintiff's address and employment history over the past decade is likewise unnecessary. Although Plaintiff's complaint claims "damages arising from Defendants' unlawful detention in an amount to be proven at trial," ECF No. 1 at 11, Plaintiff has advised Defendants that this sum does not include damages for lost wages, ECF No. 35 at 1. Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information *931 appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.
Accordingly, IT IS HEREBY ORDERED :
1. Plaintiff's Motion to Expedite and for Protective Order, ECF No. 34 , is GRANTED .
2. Defendants shall not inquire-through written discovery or in depositions-about the immigration status of Plaintiff or any other witness in this case. This includes, but is not limited to: place of birth, national origin, immigration documents, passports, visas, social security numbers or statements, tax identification numbers or other tax information, status of immigration proceedings, and information regarding entry into the United States.
3. Defendants are further prohibited from seeking addresses and past employment information from Plaintiff or any other witness in the case. This restriction does not apply to information necessary to establish foundation for a witness's expertise or basis of knowledge.
IT IS SO ORDERED. The Clerk's Office is directed to enter this Order and provide copies to all counsel.
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
Before the Court, without oral argument, is Defendants' Motion for Reconsideration, ECF No. 37. On June 5, 2018, Plaintiff filed an expedited motion for a protective order barring discovery into Plaintiff's immigration status and his employers and home addresses for the past ten years. ECF No. 34. The Court granted the motion to expedite and entered a protective order on June 5, 2018. ECF No. 36. Defendants filed an expedited motion for reconsideration on June 5, 2018, ECF No. 37, and filed their response to Plaintiff's motion for protective order on that same date, ECF No. 39. Defendants represent that they were under the impression that they would have until June 6, 2018, to respond to Plaintiff's motion. Because Defendants' representation appears to be truthful, the Court has read and considered Defendants' responsive briefing. Although Defendants' arguments against the protective order are well-taken, the Court's balancing of the Rule 26(c) factors remains unchanged. Accordingly, the Court denies Defendants' motion for reconsideration.
Federal Rule of Civil Procedure 26 provides that, in general, any matter relevant to a claim or defense is discoverable. Fed. R. Civ. P. 26(b). However, this rule is subject to the limitations in Rule 26(c), which allows the court "for good cause, [to] issue an order" limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When determining whether to grant a protective order under Rule 26(c), courts conduct a balancing test. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. , 307 F.3d 1206, 1210-11 (9th Cir. 2002). The court must weigh the probative value of the information sought against the interests of the party from whom the information is sought. Id. at 1211. The court must also factor into its consideration the interests of the public. Id.
Plaintiff asserts that allowing Defendants to inquire into Plaintiff's immigration status would chill Plaintiff's willingness and ability to enforce his civil rights through the instant § 1983 action. If Plaintiff *932 were forced to reveal that he was in the United States illegally, he might face criminal prosecution and deportation. Even if he were in the United States legally, this type of discovery still presents a potentially chilling effect. As the Ninth Circuit recognized in Rivera v. NIBCO, Inc. , 364 F.3d 1057, 1065 (9th Cir. 2004), a person legally in the United States may still fear that "their immigration status would be changed, or that their status would reveal the immigration problems of their family or friends." The court went on to observe that such fears may cause similarly situated plaintiffs to "choose to forego civil rights litigation." Id.
In addition to the specific chilling effects immigration-related discovery might have on Plaintiff, the public's interest would also be harmed by such discovery. Any chilling effect presents a substantial burden to the public interest because § 1983 litigation provides a mechanism for plaintiffs to shed light on civil rights violations and enforce their own rights when such violations occur. In the context of a Title VII action, the Ninth Circuit noted that "[g]ranting employers the right to inquire into workers' immigration status in cases like this would allow them to raise implicitly the threat of deportation and criminal prosecution every time a worker, documented or undocumented, reports illegal practices or files a Title VII action." Id. These concerns are perhaps even more pressing in the case at bar. Because the claims here necessarily involve investigatory proceedings initiated by ICE, a plaintiff with standing to bring claims such as Plaintiff's almost certainly has a heightened interest in preventing the discovery and dissemination of his or her immigration status. The potential chilling effect of permitting Defendants to inquire into a Plaintiff's immigration status therefore weighs heavily in the Court's 26(c) analysis.
In contrast to the heavy burden Defendants' discovery efforts would impose upon the Plaintiff and the public interest, the probative value of the information sought by Defendants is limited. Defendants argue that Plaintiff's immigration status has potential relevance to his claim for emotional distress damages. They assert that the emotional distress alleged by Plaintiff may be partially attributable to his immigration status and related federal immigration enforcement efforts, which are distinct from Defendants' conduct. On this point, Defendants' response is helpful to the Court as it demonstrates the potential utility of the requested information. However, the fact remains that the information sought is not relevant to Defendants' liability. Plaintiff's immigration status is only conditionally relevant on the issue of damages. That is, the information becomes relevant only if a factfinder first makes a finding of liability. See id. at 1070 (noting that employees' immigration status was not essential to defense, even if it could affect availability of certain remedies).
The probative value of Plaintiff's immigration status is further reduced by the other facts known to Defendants and not in dispute in this case. Neither party disputes that Immigration and Customs Enforcement (ICE) issued an administrative warrant for Plaintiff between July 22 and July 24, 2017. Defendants further assert in their responsive memorandum that the government has initiated removal proceedings against Plaintiff. ECF No. 39 at 4. It is therefore unclear how further inquiry into Plaintiff's immigration status will advance Defendants' case. To the extent Defendants seek to posit that ICE's investigation into Plaintiff as an alternative source of emotional distress, sufficient evidence exists to do so without the need to depose Plaintiff or collect written discovery on this subject.
*933 Finally, Defendants urge the Court to permit discovery into Plaintiff's addresses and employers over the past decade. For the same reasons the Court finds inquiry into Plaintiff's immigration status is not appropriate in this case, it concludes that Defendants' inquiry into Plaintiff's addresses and employment history is properly excluded from Defendants' discovery. Unlike Rivera, where the Plaintiffs' asserted employment claims, Defendants' requests do not appear even reasonably calculated to reveal discoverable information. The attendant risk of Defendants using the information to deduce facts about Plaintiff's immigration status therefore outweighs any limited probative value such information may yield.
Accordingly, IT IS HEREBY ORDERED :
1. Defendants' Motion for Reconsideration, ECF No. 37 , is DENIED .
2. The parties shall abide by the Court's protective order, ECF No. 36.
IT IS SO ORDERED. The Clerk's Office is directed to enter this Order and provide copies to all counsel.
DATED this 13th day of June 2018.