**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re MIDLAND NATIONAL LIFE
INSURANCE CO ANNUITY SALES
PRACTICES LITIGATION,

———————

ESTATE OF JOHN G MIGLIACCIO;
CARMEN MIGLIACCIO; MARY P.
MUNOZ; ROBERT D. KAISER, On
Behalf of Themselves and All
Others Similarly Situated; NANCY
BENDZAK, as attorney-in-fact for
Mary Bendzak; MARY BENDZAK,
individually and on Behalf of All
Others Similarly Situated,
     *Plaintiffs-Appellees,*

   v.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,
     *Intervenor-Appellant,*

———————

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY,
     *Intervenor,*

MIDLAND NATIONAL LIFE
INSURANCE, an Iowa corporation,
     *Defendant,*

KATHLEEN MCWHORTER,
     *Objector.*

No. 11-55369

D.C. No.
2:07-ml-01825-
CAS-MAN

VIDA F. NEGRETE, as Conservator
for Everette E. Ow, an individual,
and on behalf of all others
similarly situated persons,
                    *Plaintiff-Appellee,*

                    v.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,
                    *Intervenor-Appellant,*

 

AMERICAN EQUITY INVESTMENT LIFE
INSURANCE COMPANY,
                    *Intervenor,*

FIDELITY AND GUARANTY LIFE
INSURANCE COMPANY,
                    *Defendant,*

MAJORIE MACK; GERALD MACK,
                    *Movants.*

No. 11-55372

D.C. No.
2:05-cv-06837-CAS-
MAN

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted
June 4, 2012—Pasadena, California

Filed July 25, 2012

Before: Betty B. Fletcher, Kim McLane Wardlaw, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

James F. Jorden, Denise A. Fee (argued), Sonia Escobio O'Donnell, Jorden Burt LLP, Washington, D.C., for intervenor-appellant Allianz Life Insurance Company of North America.

John J. Stoia, Jr., Theodore J. Pintar, Kevin K. Green (argued), Rachel L. Jensen, Robbins Geller Rudman & Dowd LLP, San Diego, California, for the plaintiffs-appellees.

## OPINION

PER CURIAM:

Intervenor Allianz Life Insurance Company of North America ("Allianz") appeals the district court's order denying its motion to unseal judicial records.[1] Because the records at issue were filed in connection with pending summary judgment motions, we reverse and remand to the district court to grant the motion.

## I

We recount the procedural background of the underlying cases to "provide[ ] context for the unsealing order." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006). The district court presided over four class action cases, each brought by the same plaintiffs' counsel. Plaintiffs asserted similar claims against each defendant for RICO violations and violations of state law based on the marketing and sales of annuity products to senior citizens. Fidelity & Guaranty Life Insurance Company ("Fidelity") and Midland National Life Insurance Company ("Midland") are the defendants in the two underlying cases. Allianz and American Equity Investment Life Insurance Company ("American Equity") are the defendants in the other two cases.

---

[1]The underlying district court cases were treated as related and have been consolidated in this appeal. The motions to unseal and the district court's orders were substantially identical. We therefore refer to the motion and order in the singular.

In 2007, Fidelity and Midland filed motions for summary judgment. Plaintiffs opposed, and attached a declaration by Craig McCann, Ph.D., to support their theory of causation and class-wide damages. Fidelity and Midland both filed motions based on *Daubert* to exclude Dr. McCann's opinion.[2] The district court appointed an expert witness, Zvi Bodie, Ph.D., under Federal Rule of Evidence 706, to assist the court with resolving "central issues bearing on" the motions for summary judgment.

Dr. Bodie submitted a report evaluating Dr. McCann's opinion to the court and the parties. The defendants shared the report with Allianz and American Equity. Plaintiffs challenged the admissibility of the report, however, and the parties in the two underlying cases litigated expert testimony issues for the next two years. The district court ordered Dr. Bodie's report and the related records sealed until it determined whether the report was admissible.

In its case, Allianz also filed a motion for summary judgment and a *Daubert* motion to exclude Dr. McCann. The district court deferred ruling on those motions while considering Fidelity and Midland's similar summary judgment and *Daubert* motions. The district court explained that Dr. McCann's opinions were "such a central part of the plaintiffs' case" that the litigation of his opinion in the other cases would inform the district court's decision in the Allianz case. Both Fidelity and Midland settled with the plaintiffs before the district court ruled on the *Daubert* or summary judgment motions.

In November 2010, Allianz filed a motion to intervene in the underlying cases. Allianz requested the unsealing of Dr. Bodie's report and of any related records.[3] The district court

---

[2] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[3] In the motion to unseal, Allianz requested access to: (1) Dr. Bodie's report; (2) status reports and conferences related to Dr. Bodie; (3) filings

granted the motion for limited purpose intervention but denied Allianz's motion to unseal the judicial records. The district court ruled that the strong presumption in favor of public access to judicial records did not apply to the records at issue because they were attached to a non-dispositive *Daubert* motion. Applying the "good cause" standard, the district court ruled that Allianz had not offered a sufficiently compelling reason to unseal the records.[4]

Allianz timely appealed.[5]

## II

Aside from an unrelated motion for settlement approval, there were no other matters pending in either underlying case when the district court denied the motion to unseal. The order denying the motion to unseal is therefore "appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003).

---

related to plaintiffs' objections to Dr. Bodie's report; (4) filings related to the protective order for Dr. Bodie's deposition; (5) supplemental declarations by Dr. McCann; (6) filings related to motions in limine for the *Daubert* hearing; and (7) any other documents related to Dr. Bodie or Dr. McCann.

[4] In December 2010, Allianz also filed a motion to appoint Dr. Bodie as a Rule 706 expert in its own case. The district court denied the motion. The district court later denied Allianz's *Daubert* motion and renewed motion for partial summary judgment. *Negrete v. Allianz Life Ins. Co. of Am.*, Nos. CV 05-6838, CV 05-8908, 2011 WL 4852314 (C.D. Cal. Oct. 13, 2011) (summary judgment); *id.*, 2011 WL 4852305 (C.D. Cal. Oct. 13, 2011) (motion to exclude). The parties are preparing for a 2012 trial.

[5] The class action against American Equity had a similar procedural posture, and American Equity joined in Allianz's motion to intervene and unseal records. American Equity did not join Allianz in appealing the district court's order.

## III

Allianz contends that the district court committed reversible error because it applied the wrong standard when denying the motion to unseal. Allianz also argues that there are no compelling reasons for the judicial records to remain sealed. We review de novo whether the district court used the correct legal standard when ruling on a motion to grant, lift, or modify a protective order. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). We review the district court's ruling for abuse of discretion. *Id.*

## A

**[1]** The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). This right extends to pretrial documents filed in civil cases. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999). If, however, the documents are among those which have "traditionally been kept secret for important policy reasons," such as grand jury transcripts and pre-indictment warrant materials, they are not subject to the right of public access. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

**[2]** Although the common law right of access is not absolute, "we start with a strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135. A party seeking to seal judicial records can overcome the strong presumption of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure. *Id.* When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records. *Kamakana*, 447 F.3d at 1179. To seal the records, the district court must articulate a factual basis for each compelling reason to seal. *Id.* Compelling rea-

sons must continue to exist to keep judicial records sealed. *Foltz*, 331 F.3d at 1136.

**[3]** We have "carved out an exception to the presumption of access" to judicial records. *Id.* at 1135. This exception is "expressly limited to" judicial records "filed under seal when attached to a *non-dispositive* motion." *Id.* Under the exception, "the usual presumption of the public's right of access is rebutted." *Phillips*, 307 F.3d at 1213. Thus, a particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions. *Foltz*, 331 F.3d at 1135, 1138. And once the right of access is rebutted, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips*, 307 F.3d at 1213.

**B**

The district court ruled that the records here fall into the exception for sealed discovery documents attached to a non-dispositive motion. The district court reasoned that the *Daubert* motion was non-dispositive because it "would not have been a determination on the merits of any claim or defense." Allianz argues that the strong presumption of access to judicial records applies here, despite the connection to the *Daubert* motion, because the judicial records were also filed in connection with summary judgment proceedings.

**[4]** That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue. In some cases, such as this one, a *Daubert* motion connected to a pending summary judgment motion may be effectively "dispositive of a motion for summary judgment." *Lust ex rel. Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 597 (9th Cir. 1996) (holding that although a *Daubert* ruling was dispositive, the abuse of discretion standard still applies); *see Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1288 (11th Cir. 2005)

(affirming a grant of summary judgment on grounds that plaintiff failed to prove causation after the plaintiff's expert was excluded under *Daubert*). Plaintiffs themselves described these *Daubert* proceedings as "absolutely critical" and "potential[ly] case dispositive." To turn the issue around, if a magistrate judge had ruled on the *Daubert* motion and excluded Dr. McCann's opinion, plaintiffs surely would have challenged the order as dispositive and subject to de novo review by a district court judge.

**[5]** Looking at these circumstances, we agree with Allianz that the judicial records at issue were filed "in connection" with pending summary judgment motions. *San Jose Mercury News*, 187 F.3d at 1102. The district court appointed Dr. Bodie to assist the court in resolving whether Fidelity and Midland were entitled to summary judgment on plaintiffs' RICO claim. Further, as the district court stated in an order granting in part and denying in part summary judgment, the judicial records at issue pertain to "central issues bearing on defendant's summary judgment motion."

**[6]** Plaintiffs have not demonstrated that the records fall into the exception to the presumption of public access. The district court erred by failing to apply the "compelling reasons" standard.

## C

Alternatively, in a footnote, the district court asserted without elaboration that there were also "compelling reasons" to keep the judicial records sealed. The district court's finding is plainly inadequate. *See Kamakana*, 447 F.3d at 1179 (holding that to find compelling reasons the court must conscientiously balance the competing interests and articulate the factual basis for the compelling reasons).

**[7]** Further, none of the "good cause" findings for keeping the judicial records sealed—whether articulated in the district

court's order or asserted by the plaintiffs on appeal—satisfy the compelling reasons standard. *See id.* at 1180 (emphasizing that a "good cause" showing will generally not satisfy the "compelling reasons" standard because different interests are at stake). Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). The record is devoid of any such compelling reasons to keep the records sealed.

[8] Because there are no compelling reasons to keep the judicial records sealed, we order the district court on remand to grant the relief requested by Allianz in the motion to unseal. The district court should identify all judicial records requested by Allianz in the motion. Additionally, the district court should permit the parties in the underlying cases to redact sensitive personal and competitive information before unsealing the records.[6]

## IV

[9] We conclude that the judicial records at issue were submitted to the court in connection with pending motions for summary judgment. Because neither the plaintiffs nor the district court have identified any compelling reasons to keep the records sealed, we conclude that the records should be made public once the parties are permitted to redact sensitive information.

**REVERSED and REMANDED.**

---

[6]Defendants Fidelity and Midland did not object to Allianz's motion to unseal, subject to the redaction of personal and competitive information from the records before unsealing and Allianz's agreement to pay Fidelity's costs.