*1104 IKUTA, Circuit Judge,
dissenting:
According to the majority, the district court here erred because it “relied on language in our cases which provides that when a party is attempting to keep records attached to a ‘non-dispositive’ motion under seal, it need only show ‘good cause.’ ” Maj. op. at 1095. This comes as a surprise, because the “language in our cases” constitutes binding precedent. But no matter, the majority invents a new rule, namely that a party cannot keep records under seal if they are attached to any motion that is “more than tangentially related to the merits of a case,” Maj. op. at 1101, unless the party can meet the “stringent standard” of showing that compelling reasons support secrecy, Maj. op. at 1096. Because this decision overrules circuit precedent and vitiates Rule 26(c) of the Federal Rules of Civil Procedure, I strongly dissent.
I
The right of litigants to protect certain documents disclosed in discovery from release to the public is embodied in Rule 26(c), which authorizes the district court to grant a protective order “to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.” Fed.R.Civ.P. 26(c). This includes “requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.” Fed.R.Civ.P. 26(c)(1)(G).
When discovery material is filed with a court, we balance the protection afforded litigants under Rule 26(c) with the presumption that the public has a right of access to public documents, including judicial records. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir.2002). Our cases, as well as Supreme Court decisions, have made clear that the common law right of access “is not absolute,” Nixon v. Warner Commc’ns, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); see also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The presumption in favor of access can be overcome by showing “sufficiently important countervailing interests.” Phillips, 307 F.3d at 1212.
We have developed the following bright line rule to balance the common law right of access to court records with the protection afforded litigants under Rule 26(c):
(1) If a party to a legal proceeding attaches a sealed discovery document to a nondispositive motion, “the usual presumption of the public’s right of access is rebutted,” and “the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.” Phillips, 307 F.3d at 1213.
(2) If a party attaches a sealed discovery document to a dispositive motion, the presumption of the public’s right of access is not rebutted, and the party seeking to protect the document must show compelling reasons to maintain the documents under seal. Foltz, 331 F.3d at 1136.
There is nothing ambiguous about this rule, which we have recited numerous times. Beginning in Phillips, we explained that “when a party attaches a sealed discovery document to a nondisposi-tive motion, the usual presumption of the public’s right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.” 307 F.3d at 1213. We justified this bright line rule on the ground that the presumption of access to judicial documents should not eviscerate a district *1105 court’s protective order, and that “[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.” Id. (quoting Rhinehart, 467 U.S. at 33, 104 S.Ct. 2199).
We repeated this rule in Foltz, quoting Phillips verbatim for the proposition that “when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public’s right of access is rebutted.” 331 F.3d at 1135. Foltz then added the second prong of our rule, holding that “the presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dis-positive motion.” Id. at 1136 (emphasis added).
We repeated this two-part rule in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir.2006). We first explained that we have “carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion, such that the usual presumption of the public’s right of access is rebutted.” Id. at 1179 (citing Phillips, 307 F.3d at 1213, and Foltz, 331 F.3d at 1135) (internal citations and quotation marks omitted). By contrast, “[t]hose who seek to maintain the secrecy of documents attached to dis-positive motions must meet the high threshold of showing that ‘compelling reasons’ support secrecy.” Id. at 1180 (emphasis added).
Summing up, “we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.” Id. at 1179. “Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that ‘compelling reasons’ support secrecy.” Id. By contrast, “[a] ‘good cause’ showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.” Id.
II
The majority boldly rejects this rule. It belittles the “simplicity” of our “binary approach,” which holds that the public’s presumed right of access applies to sealed discovery documents attached to a disposi-tive motion, but does not apply to sealed discovery documents attached to a nondis-positive motion. Maj. op. at 1097-98.
Instead of following precedent, the majority creates a new rule: “[W]e make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically ‘dispositive.’ Rather, public access will turn on whether the motion is move than tangentially related to the merits of a case.” Maj. op. at 1101 (emphasis added). In plucking this “more than tangentially related” language from the reasoning we used to justify the adoption of a bright line rule, see, e.g., Phillips, 307 F.3d at 1213, the majority improperly replaces the rule itself with a single phrase from our reasoning.
There can be no mistake that this new rule is inconsistent with our existing precedent. As the majority concedes, “dispositive” has a precise legal definition: a motion is dispositive if it “bring[s] about a final determination.” Maj. op. at 1098 (quoting Black’s Law Dictionary 540 (10th ed.2014)). Likewise, the majority concedes that this legal definition “would include motions to dismiss, for summary judgment, and judgment oh the pleadings,” but would not include “a motion for. preliminary injunction or a motion in li-mine.” Maj. op. at 1098. And in this case, the majority assumes “that the instant motion for preliminary injunction was techni *1106 cally nondispositive.” Maj. op. at 1099. Under our existing precedent, therefore, the majority effectively admits it is wrong in holding that the documents attached to the preliminary injunction motion are subject to the public’s presumed right of access absent compelling reasons for secrecy.[1]
The majority attempts to avoid this problem by relying on the oft-rejected casuistry that words have no fixed meaning, and therefore “non-dispositive” can also mean “dispositive.” Surely, the majority argues, we did not intend to be bound by the literal meaning of the terms “disposi-tive” and “nondispositive” that “we have sometimes deployed,” Maj. op. at 1097, because that would merely “morph” these words “into mechanical classifications,” Maj. op. at 1098. Nothing in our case law (other than the words themselves), the majority claims, “contemplates that the right of public access would be limited solely to literally dispositive motions.” Maj. op. at 1098 (emphasis added).
This theory that we are not bound by the literal meaning of the words of our opinions would, of course, deprive our precedent of any binding force. Such a theory erodes the concept that law can be applied as written, whether by the legislature or judges, and “undermines the basic principle that language provides a meaningful constraint on public and private conduct.” Trident Ctr. v. Conn. Gen. Life Ins. Co., 847 F.2d 564, 569 (9th Cir.1988). But judges are bound not merely by “the reason and spirit of cases” but also by “the letter of particular precedents.” Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir.2001) (internal quotation marks omitted). While we have the authority to distinguish precedent on a principled basis, we are not free to ignore the literal meaning of our rulings, even when the panel believes the precedent is “unwise or incorrect.” Hart, 266 F.3d at 1170; see also, e.g., United States v. Contreras, 593 F.3d 1135, 1136 (9th Cir.2010) (en banc) (reversing a three-judge panel for overruling binding circuit precedent that was not clearly irreconcilable with intervening higher authority.) Moreover, we are bound by our precedent even if every other circuit has rejected our view. See Al Ramahi v. Holder, 725 F.3d 1133, 1138 n. 2 (9th Cir.2013) (noting that “[njearly all our sister circuits have rejected” our interpretation of the Real ID Act, but “in the absence of any intervening higher authority we are bound by” our prior opinion.).[2] By intentionally disregarding the language “we have sometimes deployed,” Maj. op. at 1097, the majority has flouted this most basic, fundamental principle.
The majority’s claim that we have previously rejected a literal interpretation of the word “dispositive” does not withstand examination. For instance, In re Midland National Life Insurance Co. Annuity Sales Practices Litigation, 686 F.3d 1115 (9th Cir.2012), see Maj. op. at 1100-01, did not purport to overrule our distinction between dispositive and nondispositive filings. Rather, it deemed the expert reports filed “in connection with” pending summary judgment motions, id. at 1120, as being equivalent to attachments to those motions. Because it is undisputed that *1107 summary judgment motions are disposi-tive, the panel concluded that the attached reports did not “fall into the exception to the presumption of public access” which applies to judicial records attached to a non-dispositive motion.
Nor does our interpretation of the Federal Magistrates Act, 28 U.S.C. § 686, support the majority’s approach. See Maj. op. at 1101 n. 8. Section 686(b) authorizes a magistrate judge to “hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.” Id. § 636(b)(1)(A) (emphasis added). In passing, we have referred to the category of motions listed in the exceptions to a magistrate judge’s jurisdiction as “dispositive motions.” Thus we have noted that the Federal Magistrates Act “provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions [and] petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations.” Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir.2015) (quoting United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir.2003) (en banc)) (internal quotation marks omitted). But we have never addressed the question whether a preliminary injunction motion constitutes a case-dispositive motion for purposes of the Federal Magistrates Act-let alone for purposes of the public’s presumed right of access-nor would we have occasion to do so, because the Act precludes a magistrate judge from ruling on such a motion regardless of how it is characterized.
Ill
In reality, the majority’s only rationale for disregarding our precedent is policy: the majority prefers to strike a different balance between the common law right of public access and the protections provided by Rule 26. According to the majority, the key policy concern here is that a motion for preliminary injunction is very important. Such a motion may “test the boundaries of equal protection,” “police the separation of powers in times of domestic and global instability,” and “may even, as a practical matter, determine the outcome of a case,” Maj. op at 1099. Therefore, according to the majority, treating a nondis-positive motion for preliminary injunction the same as a summary judgment motion would be incongruous, and “[njeither our case law nor the strong principles of public access to the courts supports such incongruity.” Maj. op. at 1099.
As a threshold matter, even if the policy judgment embodied in our precedent were wrong, the majority would still be bound by it. See Hart, 266 F.3d at 1170. But there are many policy reasons to reject the rule the majority invents today. For one, the majority’s “more than tangentially related” test has no discernible meaning. A bright line distinction between dispositive and nondispositive orders is easy to administer, while district courts will have no framework for deciding what quantum of relatedness is more than tangential. The majority’s ill-defined standard is certainly no improvement for the district courts that the majority claims have “struggled” with our rule. Maj. op. at 1095 n. 2. The district courts that have declined to follow our rule have simply adopted an alternate *1108 bright line rule, holding that motions foh preliminary injunctions are per se deemed dispositive in the sealing context.[3] The majority rejects even this rule — -which at least purports to follow our precedent — in favor of an ink blot test.
More important, the majority’s rule upsets the balance between the common law right of access and Rule 26 that we have developed. As Rhinehart explained, “[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse,” because, among other things, it “may seriously implicate privacy interests of litigants and third parties” if litigants obtain information that “if publicly released could be damaging to reputation and privacy.” 467 U.S. at 34-35, 104 S.Ct. 2199. For this reason, despite the “extent of the impairment of First Amendment rights that a protective order” may cause, id. at 32, 104 S.Ct. 2199, the Court concluded that “[t]he government clearly has a substantial interest in preventing this sort of abuse of its processes,” id. at 35, 104 S.Ct. 2199.
Recognizing the competing considerations between the common law right of access and the policy goals embodied in Rule 26, we struck an appropriate balance between the two. As we explained, there are “good reasons to distinguish between dispositive and non-dispositive motions.” Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135). We noted that “the public has less of a need for access to court records attached only to non-disposi-tive motions,” and so “[t]he public policies that support the right of access to disposi-tive motions, and related materials, do not apply with equal force to non-dispositive materials.” Id. We were also careful to avoid eviscerating Rule 26(c), noting that “[although we understand the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.), it makes little sense to render the district court’s protective order useless simply because the plaintiffs attached a sealed discovery document to a nondisposi-tive sanctions motion filed with the court.” Phillips, 307 F.3d at 1213. Thus, our rule tracks the “good cause” standard of Rule 26(c) with respect to nondispositive motions, but gives due regard to the common law right of access to materials supporting dispositive motions by requiring litigants to make a higher showing to rebut the public’s presumed right of access to material that resolves a legal dispute.
By contrast, the majority’s test effectively holds that all sealed documents attached to any filing that has any relation to the merits of the case are subject to the public’s presumed right of access, and therefore deprives protective orders issued under Rule 26(c) of any force or effect. Rule 26(c) “gives the district court much flexibility in balancing and protecting the interests of private parties,” Kamakana, 447 F.3d at 1180, and has the beneficial effects of encouraging parties to exchange documents while reducing discovery disputes. The majority’s rule eviscerates Rule26(c) and its benefits.
Indeed, this very case demonstrates the problems with the majority’s new rule. The plaintiffs obtained 86,000 documents from Chrysler (including confidential and trade secret documents) without being put to the cost and delay of fighting discovery *1109 battles because Chrysler could confidently rely on the district court’s protective order. But under the majority’s new rule, the majority holds that these confidential documents filed under seal are subject to the public’s presumed right of access because the plaintiff elected to attach them to a motion for preliminary injunction on a tangential issue (and which was summarily denied by the district court). Any member of the public will be able to obtain these documents filed under seal unless Chrysler can meet the intentionally stringent “compelling reasons” standard, which generally requires proof that the documents are being intentionally used for an improper purpose “such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.” Kamakana, 447 F.3d at 1179 (internal quotation marks omitted). In addition to the unfairness of making Chrysler bear the consequences of encountering a three-judge panel that disagrees with its own circuit’s precedent, it is clear that no future litigant can rely on a protective order and will have to chart its course through discovery cautiously and belligerently, to the detriment of the legal system.
Our circuit has considered it important to reject efforts by three-judge panels to overrule binding circuit precedent. See Contreras, 593 F.3d at 1136. Disregarding the language of our opinions erodes the framework of our judicial system. Because the majority here overtly overrules our prior decisions, I dissent.

. As the concurrence points out, Cone. op. at 1103, the majority could have reached the same result on much narrower grounds by holding that the preliminary injunction motion at issue in this case was literally "disposi-tive.” But apparently eager to jettison our precedent, the majority instead assumes without deciding that the motion was "technically nondispositive.” Maj. op. at 1099.

. For this reason, the out-of-circuit cases relied on by the majority, Maj. op. at 1107-10, are entirely irrelevant.

. See, e.g., Selling Source, LLC v. Red River Ventures, LLC, 2011 WL 1630338, at *5 (D.Nev. Apr. 29, 2011) ("[Rjequests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records.”); Yountville Investors, LLC v. Bank of Am., N.A., 2009 WL 411089, at *2 (W.D.Wash. Feb. 17, 2009) ("A motion for a preliminary injunction is treated as a disposi-tive motion under these rules.”).