**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY BRUNSON, United States of America ex rel., | No. 17-35402 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05013-EFS |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| THE LAMBERT FIRM PLC, Former Counsel for Gary Brunson, | |
| Appellee, | |
| BECHTEL NATIONAL, INC.; BECHTEL CORPORATION; URS CORPORATION; URS ENERGY AND CONSTRUCTION, INC., | |
| Defendants-Appellees. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35844 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-05013-EFS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GOVERNMENT ACCOUNTABILITY
PROJECT, GAP; PROJECT ON
GOVERNMENT OVERSIGHT, INC.,
POGO; CURTIS HALL, putative
intervenor,

              Intervenors-Appellants,

 v.

THE LAMBERT FIRM PLC, Former
Counsel for Gary Brunson,

              Appellee,

BECHTEL NATIONAL, INC.;
BECHTEL CORPORATION; URS
CORPORATION; URS ENERGY AND
CONSTRUCTION, INC.,

              Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted December 5, 2018
Seattle, Washington

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Gary Brunson is one of three relators who filed a *qui tam* complaint under

the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against defendants

Bechtel National, Inc. and Bechtel Corporation ("Bechtel"), and URS Corporation

and URS Energy and Construction, Inc. ("URS"). After entering into a settlement agreement with defendants and the government, Brunson and a putative intervenor, Curtis Hall, filed several motions in the district court. Brunson and Hall appeal the district court's rulings on these post-settlement motions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, dismiss in part, vacate in part, and remand.

1.     The district court did not abuse its discretion in enforcing the confidentiality provisions of the settlement agreement. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015). The confidentiality provisions are not void on public policy grounds, as they do not implicate either of the two public policies identified by Brunson.

First, the settlement agreement does not interfere with the public interest underlying the FCA's *qui tam* provisions—"encouraging insiders privy to a fraud on the government to blow the whistle on the crime" by bringing forward information to the government that the government could not otherwise obtain. *United States ex rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230, 233 (9th Cir. 1997) (internal alteration omitted) (quoting *United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 963 (9th Cir. 1995)). The settlement agreement does not in any way impede anyone's ability to bring information to the government.

3

Second, the settlement agreement does not interfere with the public's "right to information necessary to protect members of the public from harm caused by alleged hazards to the public." Wash. Rev. Code § 4.24.601. The entire 239-page *qui tam* complaint, which contains all of the allegations by all of the relators, is publicly available.

2.     The district court did not abuse its discretion in retaining the seal over the settlement agreement, the government's pre-settlement memoranda requesting additional time for investigation, and the order ruling on the motion to intervene filed by Hall, Government Accountability Project, and Project on Government Oversight, Inc. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014).

First, the confidential settlement agreement, which is a private agreement reached without court assistance, is in the judicial record only because Brunson put it there in an effort to have its confidentiality provisions declared void. The filing had nothing to do with the merits of the litigation—indeed, the litigation has settled—and the district court did not abuse its discretion in declining to unseal the confidential agreement based on an unsuccessful challenge to its confidentiality. *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011); *cf. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (explaining that "compelling reasons" for sealing court records "exist

when such 'court files might have become a vehicle for improper purposes'" (citation omitted)).

Second, the government's pre-settlement memoranda requesting extensions of the FCA seal period disclosed confidential information concerning the government's internal investigation of the allegations in the complaint. The district court did not abuse its discretion in determining that unsealing the memoranda would jeopardize future investigations and that the government's interest in maintaining this information under seal outweighed the public's interest in accessing judicial records.

Third, the sealed order regarding intervention contains information from sealed filings, including the confidential settlement agreement. This order is at most "tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), and the district court did not abuse its discretion in concluding that maintaining the order under seal was appropriate due to the inclusion of confidential information.

3.  The district court did not abuse its discretion in denying Hall's request to intervene in the proceedings on Brunson's motions regarding confidentiality and unsealing, and we thus dismiss Hall's appeal for lack of jurisdiction. *See Perry v.*

*Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); Fed. R. Civ. P. 24(b).

With respect to Brunson's motion to unseal, Hall conceded that he "is not after the confidential information or sealed files at all." Hall thus has no interest in unsealing the record, and the district court properly denied his request to intervene on that issue. *See Perry*, 587 F.3d at 955 (stating that the court may consider "the nature and extent of the [applicant's] interest" (citation omitted)).

With respect to Brunson's challenge to the confidentiality provisions in the settlement agreement, allowing Hall to intervene would cause substantial prejudice to the parties, who entered into a settlement agreement premised on confidentiality after years of litigation. *See Cty. of Orange v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986); Fed. R. Civ. P. 24(b)(3). Moreover, to the extent Hall has any interest in this issue, it would be identical to the interest advanced by Brunson. The district court thus appropriately declined to exercise its discretion in permitting Hall to intervene. *See Perry*, 587 F.3d at 955; *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993).

4.      The district court erred in interpreting the contingency fee agreement between The Lambert Firm PLC ("TLF") and Brunson. We review de novo the

district court's interpretation of contract provisions. *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1131 (9th Cir. 2013).

The contingency fee agreement between TLF and the relators provides:

> From the gross amount of any settlement, judgment, claim and/or payment received by Attorneys on behalf of Client as a result of any efforts made by Attorneys in this matter, Client hereby authorizes Attorneys to retain, as compensation for their legal services, no more than and no less than THIRTY THREE AND ONE THIRD PERCENT (33.3%) of any such amount calculated PRIOR to any deduction for costs and expenses as outlined herein or the amount of Attorney's fees awarded by the court, whichever is greater.

The settlement amount in this case consisted of two components. First, the relators received $25 million, which is 20% of defendants' $125 million settlement with the government. Second, the relators received $4 million from defendants in satisfaction of defendants' obligation to pay fees and costs under 31 U.S.C. § 3730(d). Thus, TLF is entitled to "no more than and no less than" 33.3% of the "gross amount of [the] settlement . . . and/or payment"—i.e., 33.3% of $29 million.

The district court interpreted the contingency fee agreement to mean that TLF is entitled to 33.3% of the $25 million and nearly *all* of the $4 million (less costs and expenses), concluding that the latter amount constituted "fees awarded by the court" because it satisfied defendants' obligations under § 3730(d). We

7

disagree with this interpretation. The parties negotiated the $4 million amount as part of the settlement; it was not awarded by the court. Indeed, had Brunson not filed a motion seeking an interpretation of the fee agreement, the district court would have had no involvement with respect to attorneys' fees. The $4 million was part of the "gross amount of [the] settlement . . . and/or payment received by [TLF] on behalf of [the relators]," and TLF is entitled to only 33.3% of that amount under the contingency fee agreement.

Moreover, because the $4 million was a negotiated amount, there was no dispute about "what the losing defendant must pay"; thus, the district court had no basis for applying a lodestar analysis to determine a "reasonable attorney's fee." *Venegas v. Mitchell*, 495 U.S. 82, 90 (1990); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002) (explaining that "the lodestar method was designed to govern imposition of fees on the losing party," not fees that an attorney can collect "pursuant to contract[ ] from his own client").

We therefore vacate the district court's orders regarding attorneys' fees and remand for further proceedings consistent with this disposition.

* * *

For the foregoing reasons, we **AFFIRM** the district court's order upholding the confidentiality provisions of the settlement agreement, **AFFIRM** the district

8

court's order maintaining portions of the judicial record under seal, **DISMISS** the appeal of the district court's order denying permissive intervention, **VACATE** the district court's orders regarding attorneys' fees, and **REMAND** for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, DISMISSED IN PART, VACATED IN PART, AND REMANDED.**